COXE v. PECK–WILLIAMSON HEATING & VENTILATING CO.

In re SELMAN HEATING & PLUMBING CO.

(Circuit Court of Appeals, Fifth Circuit. October 29, 1913.)

No. 2,519.

COSTS (§ 256*)—TRANSCRIPT—CONTENTS—ASSESSMENT AGAINST SOLICITORS.
   Where appellant's solicitors fail to prepare the transcript of the record in the manner prescribed by equity rules 75–77 (226 U. S., Appendix, pp. 23, 24, 33 Sup. Ct. xl, xli), and include therein much immaterial matter, the appellate court may impose costs on them.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 968–971; Dec. Dig. § 256.*]

Appeal from the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

Controversy between the Peck-Williamson Heating & Ventilating Company and John S. Coxe, trustee in bankruptcy for the Selman Heating & Plumbing Company. Judgment (204 Fed. 839) for the former, and the latter appeals. Affirmed.

Max J. Winkler, of Birmingham, Ala., and Victor H. Smith, of Pell City, Ala., for appellant.

Henry Bentley, of Cincinnati, Ohio, for appellee.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. This case was correctly ruled and decided, and we fully concur in the opinion of Judge Grubb found in the record.

Our attention was called in the oral argument to the fact that the transcript of record was not made up, as it might well have been, in accordance with the seventy-fifth, seventy-sixth, and seventy-seventh equity rules of the Supreme Court (226 U. S., Appendix, pp. 23, 24, 33 Sup. Ct. xl, xli), and that it is diffuse, containing much unnecessary matter, including duplicates of many papers and immaterial parts of exhibits, documents, etc.; and we were urged to impose costs for the infraction of the rules.

In this particular case, as we affirm the judgment, the costs will be taxed to the appellant, a trustee in bankruptcy, and it appears that the only real relief we could give in the matter would be to tax the unnecessary costs to the solicitors who admittedly directed the preparation of the transcript. As no motion was put of record in the case, we are indisposed to apply this extreme remedy; but we take occasion to admonish the bar generally that the above-mentioned rules of the Supreme Court are to be enforced, and that it is incumbent upon the solicitors taking out an appeal to see that they are complied with.

The decree of the District Court is affirmed.