## ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY v. MILLS, ADMINISTRATRIX.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 264. Argued April 22, 23, 1926.—Decided May 24, 1926.

1. An employer, by voluntarily furnishing a guard for employees as a protection against strikers, does not become bound to furnish more to make the protection adequate. P. 346.
2. Assuming that the railroad in this case was under a duty to furnish protection to plaintiff's intestate, (an employee who was shot by strikers,) *held,* on the facts, that there was no evidence of negligence in failure to furnish more than one guard; and that the jury should not have been allowed to conjecture what would have happened if another guard had been present.

3 Fed. (2d) 882, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals which affirmed a judgment of the District Court for the plaintiff, Mills, in an action against the Railway under the Federal Employers' Liability Act, removed from a state court.

*Mr. W. R. C. Cocke,* with whom *Messrs. E. T. Miller* and *Forney Johnston* were on the brief, for petitioner.

*Mr. G. R. Harsh* for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

Respondent's intestate was employed in interstate and intrastate commerce by the petitioner, as a car inspector in its yards in Birmingham, Alabama. During the railroad shopmen's strike, on the night of August 3, 1922, decedent, while returning from work to his home, on a street car, was shot to death by strikers who fired upon him, a fellow workman, and a deputy sheriff employed by petitioner to guard decedent and his companion. Respondent brought suit in the Circuit Court of Jefferson County, Alabama, to recover for intestate's death, under the Federal Employer's Liability Act, c. 149, 35 Stat. 65. The cause was removed to the District Court for northern Alabama on the ground of diversity of citizenship. Judgment for the plaintiff, the respondent here, was affirmed by the Circuit Court of Appeals for the Fifth Circuit. 3 Fed. (2d) 882. This court granted certiorari, 267 U. S. 589.

The trial judge withdrew from the jury the question whether the guard was negligent in the performance of his duty, but left it to them to say whether upon the evidence, defendant was employed in interstate commerce at the time and place of the shooting; whether there was a duty of due care on the part of the defendant to protect decedent from violence by strikers while going from his place of employment to his home; and whether the failure of respondent to send more than a single guard to protect decedent was negligence causing his death. The instructions so given, and the refusal to direct a verdict for the defendant, are assigned as error.

Petitioner argues that the evidence did not warrant the submission of any of these questions to the jury: and

contends, among other objections, that there is no evidence of a breach of any duty owing by petitioner to respondent. The question of law thus raised goes directly to the right to recover under the Act upon which the action was based. See *St. Louis & Iron M. Ry.* v. *McWhirter,* 229 U. S. 265, 277.

It is not contended that any duty growing out of the relationship of employer and employee required the employer to guard the employee against violence by strikers. Compare *Davis* v. *Green,* 260 U. S. 349, 351; *Manwell* v. *Durst,* 178 Cal. 572; *Roebuck* v. *Railway Co.,* 99 Kan. 544; *Louis* v. *Taylor Coal Co.,* 112 Ky. 485; *Rourke's Case,* 237 Mass. 360; *Matter of Lampert* v. *Siemons,* 235 N. Y. 311. Nor is there any evidence of such an undertaking in the contract of employment. Hence the duty, if it existed, must be predicated upon the voluntary assumption of it by petitioner.

Taken in the aspect most favorable to respondent, the evidence shows that decedent was first employed on the Monday preceding his death, which occurred on Thursday. The strike had been in progress for some time, and six or seven employees were on strike in the yard where decedent was employed. The number of strikers elsewhere does not appear. Seven guards were employed by petitioner in the yard where decedent worked, and from fifty to seventy-five were employed elsewhere in the city. There was some evidence that, during decedent's employment, guards had been provided for employees while at work during the day, and to accompany decedent and some others to and from their homes. There was no evidence that petitioner had ever furnished decedent or any other employee with more than one guard in going to or from work; or any other evidence from which it could be inferred that petitioner had undertaken, or held itself out as undertaking, to furnish more protection to the decedent or its other workmen than it actually did furnish.

The respondent here asserts that the defendant, having assumed to do something, should have done more. But the bare fact that the employer voluntarily provided some protection against an apprehended danger, by undertaking to do something which involved no special knowledge or skill, can give rise to no inference that it undertook to do more. Respondent therefore relies on the breach of a duty which does not exist at common law, and of whose genesis in fact it offers no evidence.

There is a similar absence of evidence of negligent failure by petitioners to fulfill this supposed duty of protection. The burden of proving negligence rested on the respondent. *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658. But whether a supply of guards sufficient to meet the emergency was obtainable; what demands were made upon them, and whether there were other guards available for the particular journey when the decedent was killed, are questions on which the record is silent.

Nor is there evidence from which the jury might infer that petitioner's failure to provide an additional guard or guards, was the proximate cause of decedent's death. Whether one or more additional guards would have prevented the killing is in the highest degree speculative. The undisputed evidence is that the shooting was done by one or more of three men standing on the rear platform of the car. They had come there after decedent and his companions had seated themselves in the car. Without warning they fired a volley into the car, and fled. Decedent and his guard were armed, but had no opportunity to defend themselves. On such a state of facts the jury should not have been permitted to conjecture what might have happened if an additional guard had been present. See *Chicago, M. & St. P. Ry. Co.* v. *Coogan, post,* p. 472; *Patton* v. *Texas & Pacific Ry., supra; Reading Co.* v. *Boyer,* 6 Fed. (2d) 185; *Midland Valley R. R.* v. *Fulgham,* 181 Fed. 91; *Laidlaw* v. *Sage,* 158 N. Y. 73.

The evidence must at least point to the essential fact which the jury is required to find in order to sustain the verdict.

We need not inquire whether decedent was employed in interstate commerce at the time of his death, or whether the rule laid down in *Erie R. R.* v. *Winfield,* 244 U. S. 170, can be extended, as the court below held, so as to support the judgment of the District Court.

Judgment of the Circuit Court of Appeals is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*