## HUGHES v. LODWICK LUMBER CO.
### No. 5618.

Circuit Court of Appeals, Fifth Circuit.
May 28, 1930.

Geo. E. Holland, of Beaumont, Tex. (Holland & Cousins, of Beaumont, Tex., J. J. Collins, of Lufkin, Tex., and Smith & Minter, of Woodville, Tex., on the brief), for appellant.

E. R. Campbell and Jesse J. Lee, both of Houston, Tex. (Kennerly, Williams, Lee, Hill & Sears, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit to recover commissions amounting to $10,860, alleged to be due on the sale of some 56,000,000 feet of pine timber to the Lutcher & Moore Lumber Company, at a price of $543,000 for the account of appellee. At the close of the evidence both sides moved for verdict. The motion of defendant was granted, and that of the plaintiff was denied.

The record presents over 190 pages of testimony brought up in the form of questions and answers which was wholly unnecessary in this case, as there is little or no dispute as to the facts. We again call attention to our rule 10, par. 2, which requires such evidence as is brought up by a bill of exceptions to be set forth in condensed and narrative form. In future we shall feel free to dismiss appeals where this rule is not complied with.

It is unnecessary to review all the evidence in the record. It may be conceded that appellant was employed to find a purchaser for the timber, and would have been entitled to a commission if he had done so. Had appellant found a purchaser able and willing to buy, for the price at which he was authorized to sell, and the sale had fallen through by fault or refusal of appellee, he no doubt would have been entitled to his commission, but such is not the case presented. It is true that the manager of the Lutcher & Moore Company entered into negotiation for the purchase of the timber at the instance of appellant. Some objection was raised to the title of appellee on the ground that the timber was being secured through exchange and not through purchase, but this was not serious, and was not the reason for the failure to consummate the sale. It is clearly shown that the purchaser changed its mind, or did not fully make it up, regarding the purchase before any definite agreement to purchase was made or any offer to sell was accepted. On the facts appearing in the record, the judgment of the District Court was right.

The record presents no reversible error.

Affirmed.