### AMERICAN OIL CO. v. FREDERICK.

#### No. 5678.

Circuit Court of Appeals, Sixth Circuit. Feb. 13, 1931.

H. R. Bickel, Jr., and E. H. Brownley, both of Baltimore, Md. (Karl F. Steinmann, of Baltimore, Md., and David A. Christopher, of Cleveland, Ohio, on the brief), for appellant.

W. P. Barnum, of Youngstown, Ohio (J. V. Murphy and Barnum Hammond, Stephens & Hoyt, all of Youngstown, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

On November 5, 1926, an employee of the Adamson Manufacturing Company of East Palestine, Ohio, manufacturers of underground gasoline storage tanks, attempted to remove a fill or vent pipe from a 550-gallon tank which had been returned after use, and which, unknown to him, must have contained gasoline or gasoline fumes. To accomplish his end, the employee used an acetylene torch for the purpose of expanding the flange into which the pipe, or its bushing, had been screwed. An explosion resulted, causing the death of plaintiff's intestate, also an employee, who was standing some distance away and as to whom, therefore, contributory negligence would be no defense.

About a week prior to the explosion, a tank of the same size had been returned to the Adamson Manufacturing Company by the defendant, the American Oil Company, for credit or repairs, because of the fact that it had been found to leak badly while in use. It was the plaintiff's contention that it was this tank which had been returned by the defendant which exploded, and that the wrongful death of plaintiff's intestate was directly attributable to the negligence of the defendant (1) in shipping a tank containing gasoline fumes, and therefore explosive, without plainly labeling it as dangerous, as required by the rules and regulations of the Interstate Commerce Commission adopted pursuant to the Act of March 4, 1921 (41 Stat. 1444, c. 172, § 233 [18 USCA § 383]); (2) in shipping the tank to the manufacturer "for repairs" (welding) without first removing all gasoline therefrom by a steaming process; and (3) if the tank were shipped back without steaming, alleged to have been contrary to universal custom, in failing to advise the manufacturer of this fact, and in neglecting so plainly to label the tank as to warn employees of the manufacturer.

We find it unnecessary to decide the extremely interesting question of proximate cause which was argued, that is, whether there had been such intervention of a wholly independent and efficient cause as to break the chain of causal connection between the defendant's negligence, assuming defendant to have been negligent, and the injury. Nor do we deem it necessary to determine the several questions collateral to that just stated, viz., the universality and effect of the custom pleaded, the necessity of notifying the manufacturer of such tanks that one, which obviously had been in use, was returned without steaming, and thus might contain gasoline fumes, or the nature and extent of the duty owing by the defendant to employees of the Adamson Manufacturing Company, who might be presumed to know their business and the dangers incident thereto. For the purpose of this opinion, but without so deciding, we accept the position taken by the plaintiff that, in view of the alleged universal custom of steaming such tanks before returning them, and in view of the manifest dangers incident to attempted repairs without steaming (compare McArthur v. Dutee W. Flint Oil Co., Inc., 50 R. I. 226, 146 A. 484; Guinan v. Famous Players-Lasky Corp. [Mass.] 167 N. E. 235), the case was for the jury, if, but only if, there was substantial evidence of identity between the tank admittedly returned by the defendant to the Adamson Manufacturing Company, and the tank which exploded in the yards of the latter company.

In her case in chief the plaintiff introduced evidence to the effect that the tank which exploded was a 550-gallon tank which had seen service; that it appeared black in color with rust spots showing through; that tanks of so-called standard construction had openings at both ends and at the center, while the tank which exploded was of special construction, having the three openings at one end; that the tanks furnished the American Oil Company were of special construction, with all openings at one end; and that the witnesses "did not know" of other 550-gallon tanks in the yard at the time of the explosion, nor of other customers for whom tanks of similar special construction had been made. The witness Rowan, upon whom chief dependence is placed by plaintiff, does not attempt to testify that there were not other customers for whom tanks of special construction had been made, or that such tanks of

550-gallon capacity had not been returned by others and were not in the yard at the time. He simply testifies that he did not know these facts to exist. Placing upon this evidence an interpretation most favorable to the plaintiff, it still afforded basis for no more than a mere conjecture founded upon inference that the tank which exploded was that which had been returned by the defendant.. This is not substantial evidence and has been held by this court to lack "both the quantitative and the qualitative essential minimum." Copeland v. Hines, 269 F. 361, 363 (C. C. A. 6). Compare: St. Louis-S. F. Ry. Co. v. Mills, 271 U. S. 344, 46 S. Ct. 520, 70 L. Ed. 979.

However, we pass the question of error of the court below in failing to direct a verdict at the close of plaintiff's evidence and turn to a consideration of the situation presented when the motion for a directed verdict was renewed at the close of all the evidence. The defendant introduced the testimony of C. F. Adamson, president and practically sole owner of the Adamson Manufacturing Company, who testified positively that the tank which had exploded was not the one returned by the American Oil Company; that about 90 per cent. of their output were tanks of "special" construction; that the tank which the defendant had returned was not black in color, but was covered with yellow clay; that he had inspected it in connection with the claim both before and after the explosion; that it was badly dented at one end; that this damage had been done before the tank had been buried for use, as shown by the yellow clay caked in the depression; that he had conducted the correspondence with the defendant with reference to responsibility for leakage; and that their method of business and this correspondence both showed that no work had been done, or was to have been done, on the defendant's tank prior to the date of explosion, that is, before adjustment of the claim. The contemporaneous correspondence was introduced in evidence and contains, inter alia, the admission of the defendant, at that time against its apparent interest, that the tank returned by the defendant had been badly dented before use. The record of the receipt of defendant's tank by the Adamson Manuacturing Company also showed it to have been "damaged, flat on end." The testimony of Adamson was corroborated in material part by that of his assistant, J. A. Steinhouser, and by J. R. Shenk, the agent of the Pennsylvania Railroad Company at East Palestine, who was called in to inspect the nature of the damage to defendant's tank and had found the tank still intact after the explosion.

This evidence is not contradictory to any fact testimony of plaintiff's evidence. Properly considered it presents no question of the credibility of witnesses. There is no ground for application of the doctrine of Begert v. Payne, 274 F. 784 (C. C. A. 6), where this court held that if the plaintiff produces material evidence sufficient, if believed, to warrant a verdict, no amount of contradictory evidence will authorize the trial judge to take the question of its effect and weight from the jury. The burden was upon plaintiff to show identity, and the slender thread of identifying circumstance offered by her, at best founded upon inference and mere possibility, lost its substantial character, if any it had, when the defendant's evidence was presented. If there was, at the close of plaintiff's case, any presumption requiring the defendant to go forward with its testimony, because, perhaps, the facts were in the possession of the Adamson Manufacturing Company whose interests were said to be adverse, the effect of that presumption was wholly destroyed by defendant's evidence. At the close of the case the question presented was whether there was any substantial evidence of the necessary identity of the two tanks. A mere scintilla was not sufficient, and we are of the opinion that the final motion for a directed verdict should have been granted because of such lack of substantial evidence. Small Co. v. Lamborn & Co., 267 U. S. 248, 254, 45 S. Ct. 300, 69 L. Ed. 597; Chicago, M. & St. P. Ry. v. Coogan, 271 U. S. 472, 478, 46 S. Ct. 564, 70 L. Ed. 1041; Hardy-Burlingham Mining Co. v. Baker, 10 F.(2d) 277 (C. C. A. 6); Davlin v. Henry Ford & Son, 20 F.(2d) 317, 319 (C. C. A. 6).

The effect of the testimony for defendant is said to have been weakened, and the evidence discredited, by a letter written by Adamson on March 9, 1928, seventeen months after the accident, and after claim had been made against the American Oil Company, in which letter he assumes that it was the tank returned by the defendant which had exploded. While this letter might have some pertinent effect upon the credibility of Adamson's testimony, we feel that the inconsistency of position is sufficiently explained by his testimony that he did not then refer to, or refresh his recollection by, the contemporaneous correspondence and records. But whatever effect it may have had upon Adamson's credibility, such later assumption by him

could not affect the testimony of Shenk or of Steinhouser, as corroborated by correspondence at the time. Nor could it supply a lack of affirmative evidence of identity. Plaintiff's evidence offered merely a possible inference of such identity which was without substantial character upon the entire record.

For the reasons stated the judgment of the District Court is reversed, and the cause is remanded for a new trial.