## DUDLEY et al. v. PRESTON MOTOR CO. et al.

### No. 5714.

Circuit Court of Appeals, Sixth Circuit. June 30, 1931.

J. N. Hardin, of Greeneville, Tenn., and H. F. Porterfield, of Bluefield, W. Va. (Russell S. Ritz, of Bluefield, W. Va., and Swingle & Hardin, of Greeneville, Tenn., on the brief), for appellant.

A. B. Bowman, of Johnson City, Tenn. (Sells, Simmonds & Bowman, of Johnson City, Tenn., on the brief), for appellees.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

HICKS, Circuit Judge.

Appellant, P. I. Dudley, both in his individual capacity and as next friend of his minor son, Ward, brought suit against Preston Motor Company, a corporation, and E. B. Roberts for damages caused by a collision of two automobiles, one driven by appellant in which his son was riding and the other driven by Roberts. The damages sought were for injuries to, and medical expenses incurred for, young Dudley and for injuries to appellant himself and to his car.

The suit proceeded against Preston Motor Company upon the theory that Roberts was its agent; that his negligent operation of the car caused the accident and the resultant damage, and was within the scope of his employment. At the close of the evidence, appellant took a nonsuit as to Roberts, and upon motion of appellee the court directed a verdict in its favor. There was substantial evidence of damages proximately caused by the negligence of Roberts in the operation of the car he was driving. Appellee, a dealer in automobiles, had its place of business at Johnson City, Tenn. Roberts was its bookkeeper. Appellant's insistence is that Roberts was not only a bookkeeper but a salesman as well, and that at the time of the collision he was en route to Bristol, Tenn., where he was to stop upon business with another establishment of appellee there, and thence drive to the home of his father and mother at Abingdon, Va., where he was to negotiate a sale of a car with one Keller who boarded with his father and mother.

In making up the issues, appellee had filed and had later withdrawn a plea in which it stated: "And now comes defendant Preston Motor Company and for pleas to the declaration set out against it in this case, say" (among other things) "that at the time of the alleged accident the said Roberts was generally speaking in the employ of the defendant Preston Motor Company as an automobile salesman and bookkeeper."

In support of his contention appellant introduced the above-quoted portion of this plea in evidence. We do not regard this matter as of particular significance. The record shows that this excerpt was taken bodily from the plea. Assuming its truth, it carries no inference that under his contract of employment Roberts was required or expected to travel on Sunday or to negotiate sales other than at appellee's place of business, and yet the accident happened on Sunday about 14 miles from Johnson City upon the highway running from Johnson City through Bristol to Abingdon.

In support of his insistence, appellant testified that upon the day following the accident Roberts stated in the presence of Preston, president and manager, and Kirkpatrick, secretary and treasurer, of appellee, that at the time of the collision he was going to Bristol, that he intended to stop a short time there on business with appellee's Bristol office, and then go to Abingdon to close a trade for a car with Keller, who boarded with Roberts' father and mother, and that neither Kirkpatrick nor Preston said anything in response. Preston, Kirkpatrick, and Roberts each deny that Roberts made such statement, but upon the motion for a directed verdict it must be taken as true that he did make it. However, we think that a properly instructed jury could attach but little, if any, weight to it. It was, of course, introduced upon the theory that a failure of appellee's officers to deny it was an implied admission of its truth,

but this result does not necessarily follow. It does not clearly appear that at the time this statement was made appellee was being charged by appellant with wrongdoing, and it is only by indirection that this statement of Roberts could impute any admission of its truth by appellee. It took place in a conversation between appellant and Roberts, and was not made directly to appellee's officers or agents. In fact, appellee had no place of business at Bristol. Preston individually owned a business there styled "Preston Auto Sales Company." What we regard as the controlling and substantial evidence is that Roberts' duties were those of a bookkeeper and in connection therewith he did general office work; that, in the absence of a salesman, he would show cars to prospective purchasers and quote prices until a salesman came in; that appellee did not work on Sunday or keep its place open for business or trade on Sunday; that Roberts' employment did not include work on Sunday; that he had never sold a car for appellee nor had he received any commissions upon a sale; that he had not been sent upon any mission for appellee either on the date of the accident or previously, and that neither Preston nor Kirkpatrick knew of his whereabouts on that date; that Roberts' custom was to make semi-monthly week-end visits to his home in Abingdon, where his father and mother lived, and that on the day of the collision he left Johnson City about noon in company with a friend who also lived at Abingdon; that the car he was driving belonged to him; that its license plates were registered in his own name; and that, while it was not then fully paid for, he had completed his payments before the trial of the case. Roberts states that he had no intention of seeing any prospective purchaser of cars upon this journey; that upon a few other occasions he would speak to prospective purchasers around Abingdon, or they would speak to him, and, if they were interested, he would as a matter of loyalty to Preston turn them over to Carr, agent of the Preston Auto Sales Company at Bristol, which business was owned entirely by Preston.

Appellant testified that in a conversation in the office of appellee touching the accident Kirkpatrick inquired who would repair their (referring to appellee) car, and that Preston replied that, if it was repaired, they (referring to appellee) would have to repair it. The contention is that this testimony tended to show that appellee was the owner of the car causing the accident, but the ownership of the car is not controlling. If Roberts was authorized to travel on Sunday in the course of appellee's business, it might be said that he was impliedly authorized to use a car, and whether it should belong to one party or the other is not determinative, but, if Roberts was driving for his own personal purposes and convenience, the ownership of the car is immaterial.

Considering the evidence in its most favorable light for appellant, we conclude that it does not substantially show that at the time of the accident Roberts was engaged in any business for appellee or that appellee had either expressly or impliedly authorized him to use the automobile upon that occasion. We think that he was upon a trip entirely personal to himself, and that there is no substantial relevant evidence to the contrary, and the judgment therefore should be affirmed. See Small Co. v. Lamborn & Co., 267 U. S. 248, 254, 45 S. Ct. 300, 69 L. Ed. 597; American Oil Co. v. Frederick, 47 F.(2d) 54, 57 (C. C. A. 6).

Appellant testified that at the time of the accident, and after his son had been taken out of the wrecked car, Roberts made the statement to him which he repeated the succeeding day in the presence of Preston and Kirkpatrick as above indicated. This testimony was offered as a part of the res gestæ, and its introduction was denied. We think there was no error in its denial. It threw no light upon the cause of the collision. The manifest purpose of appellant in the introduction of it was to use this declaration of Roberts as evidence of his agency, for which purpose it was, of course, incompetent.

Judgment affirmed.