JONES v. UNITED STATES.
No. 6292.

Circuit Court of Appeals, Fifth Circuit.
Jan. 30, 1932.

Luther W. Maples, of Gulfport, Miss., for appellant.

Ben F. Cameron, U. S. Atty., and Charles B. Cameron, Asst. U. S. Atty., both of Meridian, Miss.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

■ Appellant brought this suit alleging that prior to June, 1919, while his policy was still in force, he was totally and permanently disabled within the meaning of a war risk insurance policy. The case was tried to a court without a jury upon written waiver. From a finding and judgment against him, appellant appeals. So circumstanced, he stands here obligated to show not that the evidence taken in the most favorable light

would support a finding for him, but that it compels such a finding.

■ The record does not support this view. The issuance of the policy and that it was in force until June, 1919, is conceded. That plaintiff at the time this suit was tried in June, 1930, was a mental patient, totally and permanently disabled, is also conceded. When the condition first made its onset, and whether it produced total and permanent disability in plaintiff before his policy lapsed, were the issues in the case. In an effort to discharge the burden of proving that it had, the testimony of Mr. and Mrs. Walker, the brother-in-law and sister of the plaintiff, was offered. Mrs. Walker testified that when he came home from the army his physical condition was bad; that he had a cold and bronchial trouble; and that he did things which she did not believe a sane man would do, talking about having lots of money, and imagining himself commander-in-chief of the United States army, and that he was an inventor and had to go from home to attend to his large affairs. That her family physician prescribed medicine for him. That when away from home he would write about money, money, money. That from the time he was discharged from the army until the time he went to the Walter Reed Hospital in 1921, he never did any work. That he was sent home from Walter Reed in 1922, and that he was then adjudged insane, and carried to the hospital for the insane.

Her husband testified that when appellant came home from the army he was in poor physical condition. That he was not rational; that he tried a time or two to work for witness but was never able to work more than two hours and then would have to come home. That at times he would talk sensibly, and sometimes without sense. That from his association with appellant it appeared to the witness that there was something wrong with him, and with his mind. That he complained of not feeling well, and of feeling weak, and that appellant had never worked at anything since his discharge from the army.

Dr. McCann testified that appellant was suffering from dementia praecox, and at the time of the trial was totally and permanently disabled; that it would be hard to determine when the condition came on; that it was an insidious condition, its development gradual; its progress slow. In answer to the hypothetical question whether if in April, 1919, appellant talked about making investments of money that he did not have,

that he was commander of the American Legion or the army, and that he had made some great invention or discovery, and having a general wandering disposition, he would just wander away from home, he would say that he was insane in April when he was discharged from the army, the witness answered "Certainly; guaranteeing that the facts were like that, I would say he was insane," and that if he had become permanently and totally disabled in 1922 and has been continuing in hospitals since, the witness would say that in April, 1919, he would not have been able to follow continuously any kind of successful gainful occupation without serious impairment to his health or mind.

He testified on cross-examination that while dementia praecox does not usually come on suddenly, it might come on that way. He further testified that if at any point five years before 1922 plaintiff was sane, and in 1922 he was insane, that his guess would be that approximately halfway between those points he was insane.

For the defense, one witness, Dr. Voss, testified that on June 18, 1921, he had examined appellant for compensation purposes. That the examination was general; that he did not examine him for mental condition. His findings disclosed nothing serious or in anywise totally disabling.

It will be observed that appellant's case is based upon the testimony of his lay witnesses as to symptoms observed by them in April, 1919; their testimony that he had never done any work since his discharge; that from 1921 on he had spent most of his time in hospitals; and the opinion of Dr. McCann, upon the hypothesis submitted to him, that he was insane and totally disabled in 1919. No medical testimony as to his condition in 1919, or near that time, was offered, nor any from hospitals or institutions in which appellant's witnesses said he had been treated.

The government's evidence, though negative in character from the standpoint of disproof of the testimony of appellant's witnesses, since the physician who testified stated he had made no examination as to appellant's mental condition, was positive in character as to conditions then existing and claims then made. It showed no permanent nor total disability, but on the contrary, apart from the question of mental disability, which the examination was not concerned with, that such condition did not exist.

Whether, if the court upon the testimony above set out had drawn an inference favor-

able to appellant, the verdict would have been sustained by us, we need not now inquire, for it did not draw that inference. Its contrary finding that the facts do not justify a favorable inference certainly may not be disturbed by us. Unfortunate as the condition of appellant is, this is a suit upon a contract, and recovery upon it may be based alone upon a finding that, while the contract was in force, the condition which matured it, total and permanent disability, had come to pass. United States v. Martin (C. C. A.) 54 F.(2d) 554; United States v. Crume (C. C. A.) 54 F.(2d) 556.

Appellant's case is not one which, as matter of law, compels such finding. At best, it presents an issue of fact upon which the finding went against him.

The judgment is affirmed.