## UNITED STATES v. HOWARD.
### No. 6570.

Circuit Court of Appeals, Fifth Circuit.
April 13, 1933.

Geo. P. Wentworth, U. S. Atty., and Geo. Earl Hoffman and Wm. Logan Hill, Asst. U. S. Attys., all of Pensacola, Fla., and George W. Burke, Atty., Veterans' Administration, of Jacksonville, Fla., and W. C. Pickett, Atty., Veterans' Administration, of Washington, D. C.

Philip D. Beall, of Pensacola, Fla., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment allowing recovery on two policies of war risk insurance, each, for $5,000. Error is assigned to the refusal of the court to direct a verdict for the government at the close of the evidence.

After the policies were issued to appellee, premiums were deducted from his pay

while he was in the Army, but no premiums were paid after his discharge, June 11, 1919; and, unless they had matured, the policies lapsed for that reason prior to August 1, 1919. The declaration alleges that Howard was totally and permanently disabled on the 11th day of June 1919, the date of his discharge from the Army. He first made claims for his insurance on March 8, 1929, nearly 10 years thereafter. His claim was finally rejected, and a disagreement arose on August 4, 1931. The suit was tried on November 27, 1931.

■ The burden was on appellee to show with reasonable certainty by a clear preponderance of the evidence that he had become totally and permanently disabled, within the meaning of the law and the regulations of the Veterans' Bureau, while the policies were in force through the payment of premiums. It would not be enough to show that he was at that time temporarily totally disabled or permanently partially disabled or at some later date was totally and permanently disabled. Nor would it be sufficient to produce evidence that might support merely a possible inference of total and permanent disability. Wise v. U. S. (C. C. A.) 63 F.(2d) 307, decided January 25, 1933; Walters v. U. S., 63 F.(2d) 299, decided February 9, 1933 (5th Circuit.)

To maintain the issues appellee produced as his first witness Dr. W. J. Lee, who testified, in substance, that he had known Howard for 12 or 15 years before he went to war and treated him some time in the fall of 1919 after he came out of the army. He first treated him for acute stomach trouble, and did not observe anything else the matter with him at that time. Later, he again examined him, found he had bronchial trouble, and seemed to have some lung trouble. He went over him thoroughly, did not have an X-ray examination made, and did not send his sputum to the laboratory. The doctor was rather indefinite as to the date of the first treatment. He did not keep any records, but testified in a general way that he had thereafter treated Howard from time to time at different intervals. In the course of the examination he was asked this specific question, "At the time you saw him in 1919 when you treated him, could you state in your professional opinion, whether or not he was able to continuously follow a substantially gainful occupation?" To which the doctor answered, "No, he was not able to do so."

Appellee also called as a witness Dr. Whitfield, who testified, in substance, that he had known Howard for about 12 or 15 years, and had treated him some time in 1920; that

he was under the impression he found gastric, intestinal, and lung trouble, which he thought to be tuberculosis; after that he had treated him up to the date of the trial, not continuously, but at different times. He did not make any laboratory tests, and did not have an X-ray examination. He did not say what he had treated him for after the first examination. This doctor also gave as his professional opinion that appellee was not able to follow continuously a substantially gainful occupation.

There was evidence tending to show that appellee was a longshoreman before being inducted into the Army. As soon as he came out of the Army, he resumed that occupation with his former employer. The testimony is somewhat in conflict as to how he rendered his services. Some of the witnesses, men with whom he had worked, testified that he was not able to do a full day's work, and was consequently made a foreman. He worked only about 60 per cent. of the time. There was other evidence to the effect that he was not given regular work because his employer did not think he was anxious to work. However, according to his own testimony, he continued to work as a longshoreman from time to time when ships were in, up to the date of trial, ran a gasoline filling station, how long is not shown, and worked in some capacity on the construction of a railroad bridge. It may be inferred that he worked continuously on the bridge until the job was completed. In making an application for compensation to the Veterans' Bureau in May, 1925, he stated he was earning an average of $75 per month, and named Dr. Adams and Dr. Nixon as physicians who had previously treated him. He did not name either Dr. Lee or Dr. Whitfield. Neither Dr. Adams nor Dr. Nixon testified in the case. The medical board on this examination found that appellant was not suffering from any disease and his condition was practically normal. He was classed as partially disabled by the Veterans' Bureau and awarded compensation at $50 per month. It is not clear whether this was before or after the 1925 application.

■ Viewing the entire evidence in the light most favorable to appellee, it is apparent that he has failed to sustain the burden of proving that he was totally and permanently disabled while the policy was in force. It was not enough to show that he could not continuously follow his pre-war occupation. It was necessary to prove with reasonable certainty that he could not continuously follow any substantially gainful occupation. The opinions of Drs. Lee and Whitfield were

not based upon any concrete facts sufficient to reasonably support the conclusion reached, and they lacked probative force. The rule is well settled that in federal courts, if the evidence is not sufficient to warrant a recovery, it is the duty of the court to instruct the jury accordingly, notwithstanding there may be some slight evidence tending to support the claim of the plaintiff. Pleasants v. Fant, 22 Wall. 116, 22 L. Ed. 780; Small Co. v. Lamborn & Co., 267 U. S. 248, 45 S. Ct. 300, 69 L. Ed. 597; St. L. & S. F. R. Co. v. Mills, 271 U. S. 344, 46 S. Ct. 520, 70 L. Ed. 979. There was nothing before the court to warrant the submission of the case to the jury. It was error to overrule the motion of defendant for an instructed verdict.

The record in this case consists of 108 printed pages. We deem it necessary to notice that in preparing the bill of exceptions no attempt was made to comply with our rule 10(2), which requires the testimony to be set forth in condensed and narrative form. It is the duty of counsel for appellant to prepare the bill of exceptions. In future we will feel free to enforce the rule by remanding the case for compliance therewith, dismissing the appeal or imposing costs on counsel. Hughes v. Lodwick L. Co. (C. C. A.) 41 F.(2d) 225; Coxe v. Peck-Williamson Heating & Ventilating Co. (C. C. A.) 208 F. 409.

Reversed and remanded.