**UNITED STATES v. EARWOOD.** *
No. 7161.

Circuit Court of Appeals, Fifth Circuit.
March 22, 1935.

See, also (C. C. A.) 71 F.(2d) 507.

*Writ of certiorari denied 55 S. Ct. 921, 79 L. Ed. ——

Randolph C. Shaw, Sp. Asst. to Atty. Gen., and Lawton H. Ware, Atty. Veterans' Administration, Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., all of Atlanta, Ga., for the United States.

Thomas Howell Scott, of Atlanta, Ga., and William T. Townsend, of Cartersville, Ga., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

When this appeal from a verdict and judgment in a suit on a war risk insurance policy was first heard by us, two points were insisted on for reversal: That no disagreement was alleged or proved sufficient to give the plaintiff right to sue; that the court should have directed a verdict for defendant on the merits. We thought the first point well taken.[1] We did not decide the second. Certiorari having been granted, our judgment was "in view of the authority of Public Resolution No. 1, 74th Congress, approved January 28, 1935 [38 USCA § 445c]," vacated.[2] The cause is before us on the second point.

 Plaintiff's affliction is mental. A victim undoubtedly since 1924, and perhaps since 1923, of dementia præcox, hebephrenic type, in an advanced stage, he is now, and has been for some time, totally and permanently disabled. If this would suffice, plaintiff's recovery ought to stand. But it will not. Discharged from the army in July, 1919, with no premiums paid since, it was plaintiff's burden to show that he was totally and permanently disabled then. An examination of the record discloses an entire failure to carry it. Nothing in his army record suggests or even hints at the existence of any mental disability.

Inducted June 28, 1918, at Cartersville, Ga., he was, after three months training, with no illness except measles, transferred to Camp Merritt for embarkation. Landing in France in August, 1918, he saw active service on various fronts until the Armistice was signed. Remaining there until June 6, 1919, he returned to the United States and was honorably discharged July 3, 1919, without disability,[3] actual or claimed.[4] During the whole time of his service he was never in the guard house, never A.W.O.L., never in conflict with his superior officers or comrades. Except for the measles he had before he left the United States, the only injury he was hospitalized for was a fall in January, 1919, for which he was thirty days at Base Hospital No. 91, and other hospitals until the following May. In his application in April, 1923, for compensation and vocational training the veteran stated, "Disabilities, teeth and nerves; Principal occupation before entering service, Farming, thirty dollars monthly wages, Occupation since discharge, Farmer, commencing date, August 1919; ending date, October 1922, monthly wages, $30. Unable to work since 1922." There was no evidence of any medical examination or treatment of the veteran for any disease, until in December, 1922, or January, 1923, when he and his family were treated by Dr. Banks for influenza. Dr. Banks did testify that at that time he found the veteran in a disturbed mental state, irritable, nervous, could not sleep, and would get angry. That he discovered him with temperature, and he diagnosed his condition as influenza, but he felt pretty certain there was something the matter with his mind. He thought he had a mild form of mental condition. This testimony, and his opinion based on the hypothesis that when the veteran returned home he showed irritability, glazed eyes, and soon began to mutter and talk to himself, and did not recognize his people or family, that he was crazy, was all the medical testimony plaintiff offered, except the testimony of government physicians who examined him in 1923 and 1924. As the result of those examinations the rating, and this too was offered by plaintiff, was, "No disability from date of discharge to 4-26-23. Temporary partial from 4-26-23 to 5-16-23; temporary total, from 5-16-23 to 6-1-23; temporary partial 50% from 6-1-23 to 5-6-24; temporary total from 5-6-24." In all of these examinations it appears that the history given is of working

Note 1. United States v. Earwood (C. C.A.) 71 F.(2d) 507.

Note 2. Earwood v. United States, 55 S. Ct. 511, 79 L. Ed. ——.

Note 3. "The soldier named above has this date been given a careful physical examination, and it is found that he is physically and mentally sound." Certificate of Examining Surgeon.

Note 4. "Have you any reason to believe that at the present time you are suffering from the effects of any wound, injury, or disease, or that you have any disability or impairment of health whether or not incurred in the military service?" "No."

until September, 1922, when his health failed. The lay evidence, which is what plaintiff really relies upon, consists of the testimony of his father, members of his family and neighbors, of symptoms in 1923, when he became violent, and of acts and manifestations from the time he came out of the army until then. The evidence as to the period before 1923 is of the vaguest kind, and it is made more unsatisfactory because even what is meagerly said as to what he did and said before 1923, when he became violent, is necessarily looked at through that period and colored by it. Cunningham v. United States (C. C. A.) 67 F. (2d) 714. The significant facts which stand out in the record are that nobody thought he was in a serious condition until he had influenza in 1923, that he worked at cropping according to his own statement and the statements of other witnesses until 1922, and that until 1923, when he had influenza, no physician was called in to examine or treat him. On this record it is to assume, not to find, that the veteran was totally and permanently disabled when he left the army, for there is no evidence at all that he was. Cunningham v. United States, supra; United States v. Sandifer (C. C. A.) 76 F.(2d) 551; United States v. Primilton (C. C. A.) 76 F. (2d) 555.

The judgment is reversed, and the cause is remanded, for further and not inconsistent proceedings.