**TISHAR v. NICODEMUS et al.**
Civ. No. 269.

District Court, S. D. Illinois, S. D.
March 24, 1943.

146

C. H. Jenkins and Harold M. Olsen, both of Springfield, Ill., for plaintiff.

Allen & Converse and Miles Gray, all of Springfield, Ill., for defendants.

BRIGGLE, District Judge.

This cause arises on defendants' motion to dismiss for failure of the complaint to state a cause of action. The suit is by Anna Tishar, as administratrix of the estate of her deceased husband, August Tishar, who, it is charged, died from accidental injuries, sustained while in the performance of his duties in interstate commerce, as an employee of the receivers of the Wabash Railway Company, a carrier engaged in interstate commerce. Reliance is had upon the Federal Employers Liability Act of 1908 as amended, 45 U.S.C.A. § 51 et seq.

The complaint alleges that on December 26, 1941, defendants negligently and carelessly ordered decedent to use and operate a gasoline motor propelled speeder car in connection with his work of checking and repairing freight cars without an assistant to accompany and assist him in its operation, knowing that said car could not be safely operated by one person; that on the occasion in question there was a dense fog in the vicinity where the speeder was being operated and on account of such fog the parts having to do with the starting of the speeder became and were covered with moisture, and on account of the moisture failed to operate safely; that said speeder car was designed to be operated by two or more persons and designed to be started in the manner following: "One man to sit on said speeder car while the other man or men assisting in the operation of said car would push said speeder car, thereby causing the motor which propelled said speeder car to start. That said speeder car was not designed to be started with a crank, except in emergency, and then only when another man or men were assisting in its operation * * *." The complaint further avers that decedent in an endeavor to start the speeder was forced to crank the same and on account of the

dampness which had accumulated on the magneto and other parts, the motor backfired, breaking his arm; that at the time decedent was negligently left by defendants alone and unattended and was rendered helpless by said injury and it was from three to five hours before he secured medical attention; that on account of the injury, aggravated by a failure to receive medical attention, he died on December 28, 1941.

On the oral argument herein a number of matters were urged in support of the motion to dismiss; among others, that the injury was not the proximate result of any negligence charged and also the doctrine of assumed risk. It was thought by counsel that in spite of the 1939 amendment to the Employers' Liability Act, 45 U.S.C.A. § 54, that something might still remain of this latter doctrine by virtue of the 4th Circuit's decision in Tiller v. Atlantic Coast Line R. Co., 128 F.2d 420. Since then, however, the Supreme Court has reversed this decision (February 1, 1943, 63 S.Ct. 444, 87 L.Ed. ——), and placed its interpretation on the 1939 amendment, definitely removing from further consideration the question of assumed risk, as heretofore applied to a negligent master. In a broader sense where injury occurs without negligence of the master, it may always be said that the servant has assumed the risk but where negligence is pleaded, under the Employers' Liability Act, we need not longer be concerned with the doctrine. This is made clear by the separate concurring opinion of Justice Frankfurter. Of course where the conduct of the servant is such as to break the causal connection between the negligent act complained of and the injury then, call it what you will, there would be no occasion for comparison of negligence between the master and servant.

The opinion of the Supreme Court in the Tiller case, however, leaves undisturbed the questions of negligence and proximate cause. In all actions under the Employers' Liability Act there remains for judicial determination the question of the employer's negligence and its causal relation to the injury; and the question of the employee's contributory negligence to be determined on a comparative basis. In the instant case we have no occasion to consider the question of contributory negligence as the complaint asserts that decedent was in the exercise of due care, but in testing the sufficiency of the complaint we are concerned only with two questions: First, Does the complaint show actionable negligence on the part of the defendants? Second, If so, was such negligence the proximate cause of the injury?

The principal act of negligence complained of was the sending of decedent to operate a gasoline motor propelled speeder without an assistant, knowing that the speeder could not safely be operated by one person. Other facts pleaded, however, are that the speeder was not designed to be started with a crank except in emergency. I accept this as the equivalent of saying that the speeder was designed to be started with a crank in emergency. The pleader also says that on account of moisture in the air the motor did not function properly, and that when the decedent attempted to crank it the motor backfired, causing the injury in question. No facts are pleaded to show what function a second man would have had in a cranking operation, indeed it may be assumed that he could only have been a spectator. The theory of the complaint is that if a second man had been present an effort would have been made to start the speeder by pushing it upon the tracks—and if the motor thus started, no cranking operation would have been necessary, and, therefore, decedent would not have broken his arm.

It is not enough to speculate that if a second man had been present the speeder would have been started in a different manner and no one injured. The emergency recited in the complaint, calling for the use of the crank apparently arose and the facts must be appraised with this in view. It is not asserted that defendants did or failed to do anything in connection with the cranking operation that contributed to the injury. The moisture resulting from the fog caused the motor to backfire says the pleader. It is not contended, of course, that this is chargeable to defendants. The negligent act charged —the failure to furnish sufficient man power to start the speeder without cranking—is not the proximate cause of the injury. It is too remote and abounds in speculation. We speculate as to whether the effort might have been made to start the motor by pushing the speeder upon the tracks; we then speculate whether some other means might have been devised and used to start the motor; we then speculate as to whether either means, if undertaken would have been successful, and, if unsuccessful, would the employees then

have resorted to the cranking operation. Perhaps if two or more men had been present they might have concluded in the beginning that with a wet magneto the only feasible method of starting the motor was by use of the crank. We could continue to speculate as to what might have happened under the same or different circumstances, all of which demonstrates that there is no reasonable causal connection between the alleged failure of duty asserted in the complaint and the injury in question. Justice Stone said in Atchison, T. & S. F. R. Co. v. Toops, 281 U.S. 351, at page 354, 50 S.Ct. 281, at page 282, 74 L.Ed. 896: "But proof of negligence alone does not entitle the plaintiff to recover under the Federal Employers' Liability Act. The negligence complained of must be the cause of the injury. The jury may not be permitted to speculate as to its cause, and the case must be withdrawn from its consideration, unless there is evidence from which the inference may reasonably be drawn that the injury suffered was caused by the negligent act of the employer." Where the employer had furnished the employee a bodyguard to protect him from violence at the hands of other striking employees but in spite of this he was shot to death by the strikers, and where it was asserted that the employer should have provided an additional guard, the Supreme Court of the United States, even conceding that such a duty existed, said that was not the proximate cause of his death. The court there said that the jury should not have been permitted to conjecture what might have happened if an additional guard had been present. St. Louis-San Francisco R. Co. v. Mills, 271 U.S. 344, 46 S.Ct. 520, 70 L.Ed. 979. Where the charge of negligence was that the railroad failed to furnish a signalman sufficient help in operating a motor car and the injury occurred while the employee was attempting by himself to lift the car from the track and was hit by an on-coming train the 9th Circuit held that the failure to furnish help was not the proximate cause of the injury. Deere v. Southern Pacific Co., 9 Cir., 123 F.2d 438.

The plaintiff also asserts that at the time of the injury in question decedent was negligently left by defendants alone and unattended for a period of three to five hours before receiving medical attention and that his condition was thus aggravated. No facts are pleaded to show that defend-

ants had any knowledge of decedent's injury or that by the exercise of reasonable care could have known of the same. There is complete silence on facts that would cast a duty on defendants in this connection, and in no event could there be recovery by the administratrix for pain and suffering of the decedent unless the injury was in the first instance the proximate result of some negligence of the carrier as defined in the Federal Employers' Liability Act as amended. See Sections 51 and 59. Unfortunate as the situation was, certainly no legal liability can attach to defendants for failure to furnish medical care under the pleaded circumstances.

The motion to dismiss is allowed.