## WALKER v. UNITED STATES.

### No. 13932.

United States Court of Appeals
Fifth Circuit.

June 18, 1952.

W. W. Dent, Collins, Miss., for appellant.

Edwin R. Holmes, Jr., Asst. U. S. Atty., Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellee.

Before BORAH, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This suit, brought by a beneficiary to recover on a policy of life insurance (No. N–19469826) issued by the United States under the National Service Life Insurance Act of 1940, as amended, 38 U.S.C.A. § 802 (a), resulted in a judgment below for the United States, from which the beneficiary appeals.

The insured, Joe Martin Walker, was in the Army from October 23, 1945, to August 5, 1948, when he was discharged and returned to his parents' farm. During his military service, premiums were deducted from insured's pay, but no payments were made after his discharge. In the absence of some saving circumstance, the policy would lapse for non-payment of premiums on September 7, 1948, which includes the grace period. The insured died on July 2, 1949, from gun-shot wounds self inflicted on June 24, 1949.

Plaintiff asserts, but defendant denies, that from the time of his discharge from the Army until the time of his death, and therefore from a time when the policy was in force under premium paying conditions, the insured was suffering from an impairment of mind and body which continuously rendered it impossible for him to follow any substantially gainful occupation, so that he was totally and continuously disabled and therefore entitled under Sec. 602(n) of the Act, 38 U.S.C.A. § 802(n), to a waiver of premiums which would have continued the policy in effect. The trial judge, sitting without a jury, found to the contrary, in which he is well supported by the evidence.

Briefly, the evidence shows that when insured went into the Army, he was a normal, healthy young man, 19 years old, who had previously worked at various occupations. Two years later, when he returned, he was erratic, nervous, despondent at times, drank heavily, and worked only briefly and intermittently, spending most of his time loafing. It appears, however, that when properly supervised he did reasonably good work on his father's farm after his return. Plaintiff claims that after his return from the Army, the insured was unable, due to mental derangement, to carry on a substantially gainful occupation with reasonable regularity. The trial judge took the opposite view.

It may be conceded that the insured was mentally deranged when he shot himself on June 24, 1949. But this was more than nine months after the policy lapsed for non-payment of premiums. During this interval, he drew $20 a week unemployment compensation from the United States. His mother gave him $600 in cash which she had accumulated from his pay allotments. He was therefore financially able to pay the premiums. During this interval the insured married, bought a car which he drove with reasonable skill when sober, but which he wrecked while drunk, and finally gave it away. He had frequent domestic difficulties with his wife. His living expenses, as well as the monthly installments on the car, were paid by his father, but no one paid the insurance premiums, nor appear to have concerned themselves about them during the nine months following the lapse of the policy. Even after the policy lapsed, the insured could have applied for reinstatement, but he did not do so.

While the evidence indicates that the insured displayed idiosyncrasies, that he was frequently intoxicated, and at times despondent and highly nervous, in one of which fits of nervous despondency he shot himself, and while the evidence also shows that he worked only intermittently, the evidence does not show him to have been so mentally deficient that he *could* not continuously carry on a reasonably gainful occupation, which is the conclusion reached by the trial judge. These Service Life Insurance policies do not award a gratuity. They are contracts. Recovery can be had only if the terms of the contract are satisfied, which the evidence here fails to do. Jones v. United States, 5 Cir., 55 F.2d 574; Cunningham v. United States, 5 Cir., 67 F.2d 714; United States v. Earwood, 5 Cir., 76 F.2d 557, certiorari denied, 295 U.S. 762, 55 S.Ct. 921, 79 L.Ed. 1704.

Plaintiff contends that a special dividend of $192 on the policy, payable May 24, 1950, should have been applied to the payment of premiums, thus preventing lapse. As authorized by the Act, the Administrator promulgated, effective May 28, 1949, a regulation which provides: "Any special National Service Life Insurance dividend that may be declared shall be paid in cash only. Such dividends shall not be accepted to accumulate on deposit. Unpaid special dividends shall not be available to pay premiums." This regulation, consistent with and authorized by the Act, is binding upon the insured and his beneficiary. Jones v. United States, 8 Cir., 189 F.2d 601.

Affirmed.