**MAIATICO v. FLETCHER et al.**
**No. 4859.**

Court of Appeals of District of Columbia.
Argued Feb. 5, 1930.
Decided March 3, 1930.
Petition for Rehearing Denied March 15, 1930.

Alfred Cerceo and R. E. McLaughlin, both of Washington, D. C., and E. P. Yaselli, of New York City, for appellant.

H. Winship Wheatley, Hayden Johnson, and L. Harold Sothoron, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decree of the Supreme Court of the District of Columbia dismissing appellant's bill of complaint, in which it was sought to set aside a foreclosure sale.

It appears that one Harry A. Bramow was the owner of certain property on which extensive building improvements were made. Plaintiff, Maiatico, furnished labor and materials on the building, and secured thereon a mechanic's lien. Plaintiff brought a suit to foreclose the lien, naming as defendants therein Bramow, the owner of the property, the Real Estate Mortgage & Guaranty Corporation, holder of a first deed of trust in the sum of $210,000, and other defendants, including the District National Securities Corporation, holders of the second deed of trust in the sum of $82,000. The parties defendant all filed answers excepting Bramow, against whom a judgment pro confesso was taken.

On September 15, 1927, Richard G. Fletcher, as a result of foreclosure proceedings to enforce the first deed of trust, purchased the property in question, giving therefor $10,000 in cash and notes for $210,000, signed by himself, with a deed of trust to secure the notes. We think it unnecessary to dwell at length upon the circumstances under which Fletcher acquired title. While it is charged that the foreclosure proceedings were fraudulently conducted, we are of opinion that this charge has not been sustained. When Fletcher became owner of the property, he filed an undertaking to release the mechanic's liens pending against the property, one of which was the lien of plaintiff, under section 1254 of the District Code. The liens were accordingly

released by the court, the undertakings having been approved. By the terms of the bond the surety undertook to "pay and satisfy any judgment or decree that may be recovered" in the original equity suit to enforce the lien.

The proposition here seems to be a simple one, since a bond with adequate bondsmen has been substituted for the lien. When the original suit has been tried, and the lien of Maiatico, if valid, has been established by a judgment, he will be fully protected, since, by the terms of the statute, the "judgment shall be rendered against all the persons so undertaking." We do not overlook the contention of counsel for plaintiff that if a creditor has a lien on property, his enforcement of that lien cannot be rendered inadequate by a fraudulent conveyance or incumbrance of the property, and he may maintain a suit in equity to set aside the conveyance. That rule, however, is applicable where the lien, by virtue of the fraud committed, would be destroyed. Here the lien has been disposed of. It has been superseded by a bond, as provided by statute, and appellant's remedy is clear. Indeed, his situation is such that he cannot be heard to complain of the foreclosure and sale of the property, since he is not only protected by the bond, but by funds deposited in the registry of the court by the mortgage company in the consolidated mechanic's lien cases for such distribution as to the court may seem just and proper.

The decree is affirmed, with costs.