### DELAND et al. v. WAGNER.
### No. 5684.

Court of Appeals of the District of Columbia.
Argued Feb. 16, 1933.
Decided March 20, 1933.

John E. Laskey, Leonard J. Ganse, and Robert C. Handwerk, all of Washington, D. C., for appellants.

Frank R. Long, C. Chester Caywood, and Daniel Partridge III, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree enforcing a statutory undertaking given to release a mechanic's lien.

The facts as found by the lower court are in substance as follows:

On November 15, 1927, the Edson W. Briggs Company conveyed a certain unimproved lot situate in the District of Columbia to William Howard Gaskill. On December 2, 1927, Gaskill conveyed the property by a first deed of trust to Rust and Bowie, trustees, to secure Pearl D. Clifford in the sum of $22,500 for money loaned, and by a second deed of trust to Seaford & Seaford, trustees, to secure the Edson W. Briggs Company in the sum of $10,634.

On December 12, 1927, a permit was issued to Gaskill by the Inspector of Buildings of the District of Columbia, to build a dwelling house upon the property so conveyed, and in the same month excavation was begun for the building. On February 29, 1928, the appellee, William A. Wagner, entered into a written contract with Gaskill to furnish the material and labor necessary for the heating system in the building, at the contract price of $1,217; and on March 7, 1928, Wagner entered into an oral contract with Gaskill for the plumbing work in the building at the contract price of $1,825. Wagner completed the performance of these contracts by August 28, 1928. Gaskill then paid the sum of $750 to Wagner leaving a balance of $2,292 due to him upon the contracts.

On May 7, 1928, after the commencement of work upon the building, Gaskill conveyed the property to F. Harold Deland, one of the appellants herein. On October 22, 1928, Wagner seasonably filed in the clerk's office of the Supreme Court of the District of Columbia a notice of his intention to hold a mechanic's lien against the interests of Gaskill and Deland in the property, to secure the balance of $2,292 due him for the work and materials furnished under the contracts. On October 19, 1929, Wagner filed his bill of

complaint in the instant case to enforce this lien.

On November 27, 1929, the appellants Deland, as owner, and the New Jersey Fidelity & Plate Glass Insurance Company, as surety, filed in the cause a written undertaking approved by the court, whereby they agreed "that they will pay and satisfy any judgment or decree that may be recovered in any suit or proceeding that may be instituted on, or to enforce the above-entitled mechanic's lien, together with the cost of said proceeding, which judgment or decree they agree may be pronounced against all of them." Upon the filing and approval of this undertaking, the property was released from the operation of Wagner's mechanic lien. Title 25, § 368, D. C. Code.

On January 7, 1931, an order was passed by the lower court with the consent of Wagner's counsel, authorizing Rust and Bowie, as trustees, to sell the land and improvements under the first deed of trust executed to them as above stated. The property was accordingly sold and conveyed to a purchaser for the consideration of $22,500, which was the amount of the first lien.

Upon these facts, the lower court sustained the mechanic's lien of Wagner upon the property for the sum of $2,292 and interest, and held that the validity of the lien was not altered or affected by the conveyance of the property by Gaskill to Deland after the commencement of work upon the building. The court held that the undertaking signed by Deland and the New Jersey Fidelity & Plate Glass Insurance Company for the release of Wagner's lien took the place of the property as security for the debt, and that Wagner was entitled to a decree upon the undertaking against both parties for the sum of $2,292 with interest. Such a decree was thereupon entered, and execution was awarded thereon. This appeal was then taken.

Upon the foregoing facts we sustain the decree of the lower court. The mechanic's lien of Wagner attached upon the property at the time of the commencement of the work upon the building. Title 25, § 359, D. C. Code. It was, however, subordinate to the liens created by the two trust deeds executed by Gaskill in December, 1927. The conveyance by Gaskill to Deland did not affect the validity or rank of Wagner's lien; nor did Deland become personally liable upon the debt because of the conveyance. The decree entered below rests solely upon the obligation assumed by Deland and his surety in the undertaking for the release of the lien.

These conclusions are sustained by sections 368 and 370, title 25, D. C. Code, which read in part as follows:

368. "*Payment into Court and Release.*— In any suit to enforce a lien hereunder, the owner of the building and premises to which such lien may have attached, as aforesaid, may be allowed to pay into court the amount claimed by the lienor, and such additional amount, to cover interest and costs, as the court may direct, or he may file a written undertaking, with two or more sureties, to be approved by the court, to the effect that he and they will pay the judgment that may be recovered and costs, which judgment shall be rendered against all the persons so undertaking. On the payment of said money into court or the approval of such undertaking, the property shall be released from such lien, and any money so paid in shall be subject to the final decree of the court. * * * *"

370. "*Decree Against Sureties.*—If such undertaking be approved before any suit brought, such suit shall be a suit in equity against the owner, to which the sureties may be made parties; if the undertaking be approved after suit brought, the said sureties shall ipso facto become parties to the suit, and in either case the decree of the court shall be against the sureties as well as the owner."

Appellants' chief reliance seems to be based upon the contention that Wagner became a subcontractor in his relations with Deland, because of Gaskill's conveyance of the property to Deland. If this claim could be sustained, it would follow that the lien herein involved was not perfected in conformity with the statute, inasmuch as Wagner proceeded as a principal or original contractor and not as a subcontractor in filing the lien. We are of the opinion, however, that the contention is a mistaken one. There was no principal contractor who intervened between Wagner and Gaskill, nor between Wagner and Deland. Wagner was the sole contractor for the job upon which the mechanic's lien was taken.

Appellants cite Burleigh Building Co. v. Merchant Brick & Building Co., 13 Colo. App. 455, 59 P. 83, as authority for their contention. We think the case is not in point, inasmuch as it turned upon the wording of the bond, which was materially different

from that of the undertaking involved herein. Cf. Maiatico v. Fletcher, 59 App. D. C. 250, 39 F.(2d) 295.

The decree of the lower court is affirmed with costs.