## UNITED STATES v. JONES.
### No. 7322.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1935.

Thomas E. Walsh and Young M. Smith, Attys., Department of Justice, both of Washington, D. C., and Frank B. Potter,

Asst. U. S. Atty., of Fort Worth, Tex., for the United States.

Walter Eugene George, of Wichita Falls, Tex., and V. H. McClintock, of Paducah, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment entered by the court, after waiver of the jury, awarding a recovery on a policy of war risk insurance. Error is assigned to the denial of a motion to enter judgment for the United States. The question presented for decision is whether there was any substantial evidence to support the judgment.

The facts appearing from the record are these: Appellee, Jones, was discharged from the army on October 31, 1918, for physical disability, diagnosed as neuro circulatory asthenia, and referred to by one of the medical witnesses as "Soldier's Heart." His policy lapsed for nonpayment of premiums on that date. He made claim for and was granted compensation of $9 per month in 1923 for partial disability but did not make a claim on the policy until 1932, some fourteen years after it had lapsed. In the meantime he had applied for and had been granted a life policy of $2,000 by an insurance company, after satisfactorily answering the usual questions as to his health. Before enlisting he had gone through the seventh grade of a grammar school and was earning approximately $40 a month on a farm. After his discharge he worked for the Texas Pipe Line Company as a timekeeper, from January to May, 1919, at $3 a day. He quit that job and went to work for one Dalton, making a crop, working for him from May, 1919, to April, 1920. He bought a store and filling station at Dunlap in the spring of 1921 and operated it for about four years, with the help of his father and brother and his wife, whom he had married in December, 1921. It is not clear whether he owned the store entirely. In 1925 he went back to farming, bought 80 acres of farm land, for which he paid $20 an acre, and operated that with the assistance of his wife and a hired man until some time in 1930. While operating the store he was appointed a fourth-class postmaster, conducting the post office in the store, and earned sometimes in that capacity as high as $75 a quarter. His wife was employed as a school teacher for about six months in the year. The largest salary she received was $115 a month. He ran for county commissioner in 1930 and 1932. He bought two lots of ground in Dunlap at $10 a lot and built a house on them at a cost of $1,200. From 1927 to 1931 he kept a bank account. He made one deposit of $1,800, receipts from cotton raised on his farm. In the course of four years his bank deposits exceeded $14,000. He inherited not over $300 from his mother's estate but never received anything else of value except what he earned. His wife testified that the bank deposits were all receipts for cotton grown, except such part as was her salary as a school teacher. This could not have exceeded $2,760.

There was evidence tending to show that his disease was incurable but his condition would not get worse; that he was subject to spells of weakness when he could not work at all; that in the opinion of doctors who testified he was totally and permanently disabled to farm, or rather that he could not continuously do such labor, but these opinions went no further.

In order to show that the policy had matured, entitling him to recover, the burden was on appellee to prove that he became totally and permanently disabled while the policy was in force or, in other words, that he could not continuously follow a substantially gainful occupation. It was not enough to show permanent partial disability or temporary total disability. In view of the facts showing his earning ability, incapacity to do manual labor on a farm was negligible. We think appellee not only failed to sustain the burden of showing the policy had matured, but the evidence is conclusively to the contrary. There was no substantial evidence to support the judgment. The government was entitled to judgment rejecting the claim. It was error not to grant the motion to that effect. Lumbra v. U. S., 290 U. S. 551, 54 S. Ct. 272, 78 L. Ed. 492; United States v. Spaulding, 55 S. Ct. 273, 79 L. Ed. ——, decided January 7, 1935; United States v. Howard (C. C. A.) 64 F.(2d) 553; Cunningham v. U. S. (C. C. A.) 67 F.(2d) 714.

Reversed and remanded.