MARY A. DONOVAN, as Administratrix, Plaintiff, v. JOHN GARVAS, Defendant.

Supreme Court, Cayuga County, June, 1923.

Negligence — failure to have proper brakes on automobile is ground for liability — when fact that employee was on his own errand no defense.

Where the owner of an automobile omits to perform his absolute duty under section 286 of the Highway Law to see that his car is equipped with " adequate brakes in good working order and sufficient to control such vehicle at all times when the same is in use," and turns it loose upon the public streets, he is liable for the results of his failure to obey the law.

Defendant's automobile with brakes which could not be set was left standing by his driver on an incline, and after the driver had crossed the street the car started down the hill and crashed into plaintiff's eight-year-old child causing injuries resulting in her death. In an action for damages the jury found upon sufficient evidence that the defendant had failed in his duty to inspect the brakes on his car and to provide in compliance with the statute adequate brakes for the same; that the defective brakes were the proximate cause of the accident and without which it would not have happened and that defendant negligently permitted the car to be operated upon the public streets. Held, that a motion to set aside a verdict in favor of plaintiff and for a new trial upon the minutes will be denied.

The fact that at the time of the accident the driver, an employee of defendant, was on an errand of his own and was not engaged in his master's business, did not relieve defendant from liability.

MOTION by the defendant to set aside the verdict of a jury and for a new trial upon the judge's minutes.

*John Taber,* for plaintiff.

*Robert J. Burritt,* for defendant.

CUNNINGHAM, J. This action was brought to recover damages for the death of a little girl eight years old who was run over and killed by an automobile owned by the defendant. The jury found upon sufficient evidence that the automobile was owned by the defendant; that the brakes on the automobile were defective; that the defendant negligently failed in his duty to inspect the brakes on the automobile and to provide adequate brakes for the same; that the defective brakes were the proximate cause of the accident and without which it would not have happened; that the defendant negligently permitted the automobile with defective brakes to be operated upon the public highways.

The defendant was conducting a taxicab business and, at the time of the accident, the driver was occupied in doing an errand of his own and was not engaged in his master's business. The defendant claims that this fact relieves him of liability.

The Highway Law, section 286, provides that "every motor vehicle, operated or driven upon the public highways of this state, shall be provided with adequate brakes in good working order and sufficient to control such vehicle at all times when the same is in use."

The rule is stated as follows in Huddy on Automobiles (5th ed. 418): "An automobilist is under the duty of equipping his machine with proper brakes. This duty, not only exists under common law principles, but is generally affirmed by statutory enactments."

Upon whom is this duty laid? Is it upon the owner of the automobile or the servant who drives it? Certainly the servant is not obliged to have the master's motor vehicle repaired at his own expense. The servant, without instructions from his master, has no power to cause repairs to be made to the car and to charge his master with the payment therefor. It is the owner who is required to provide adequate brakes and if he fail in his duty through lack of inspection or want of proper care, he must be responsible for the consequences arising from his negligence.

Defendant's automobile was equipped with two brakes which were operated by foot levers. These brakes could be set so as to hold the car when standing by catching a notch therein upon a plate fastened beneath the floor boards. This plate had fallen off defendant's car and the brakes could not be set. It was left standing by the driver on an incline and after he had crossed the street it started down the hill and crashed into plaintiff's intestate causing injuries from which her death resulted.

It is evident that this accident would not have happened if the automobile had been equipped with proper brakes, and the jury was justified in finding that the defendant's negligence was the proximate cause of the death of the decedent.

As the driver was not engaged in the business of the defendant at the time of the accident, the defendant is not liable for the servant's negligence. *Reilly* v. *Connable*, 214 N. Y. 586.

The defendant has been held liable, not for the negligence of his employee, but for his own lack of proper care. It seems to me that it would be distorting this rule of law to hold that when a servant is not engaged in his master's business the master is thereby absolved not only from liability for his servant's negligence, but also from liability for his own negligence.

An absolute duty was placed upon the defendant to see that his automobile was equipped with proper brakes, and when he negligently omitted to perform this duty and turned loose upon the public streets an instrument of death he ought to be held liable for the results caused by his failure to obey the law.

The verdict in this case was based upon the finding of the jury, not that the defendant's servant was negligent, but that the defendant himself had neglected to fulfill his duty to provide his automobile with adequate brakes.

The motion is denied, with ten dollars costs.

Ordered accordingly.