## CURRENT OHIO COURT of APPEALS CASES

### Weekly Advance Abstract Opinions

No. 531

INDUSTRIAL COM. v. KENEMY

Ohio Appeals, Eighth District, Cuyahoga County
No. 4506. Decided June 18, 1923

This opinion has not been published except in Abstract.

WORKMEN'S COMPENSATION—Effect of amendment of statute on impending proceeding.

Middleton, Mauck and Sayre, JJ., Fourth District, Sitting

SAYRE, J.

Epitomized Opinion

Kenemy was injured in January, 1921. In July he filed his application for compensation which was rejected August 18, on the ground that the injury was not sustained in the course of his employment. On August 31 he appealed to the Cuyahoga Common pleas and secured a judgment for $819.21. August 16 the statute was amended, limiting the claimant on appeal to the evidence contained in the record of the Industrial Commission. The trial court admitted evidence not in the record of the commission. This holding was assigned as error. In affirming the judgment the Court of Appeals held:

1. The steps taken by an injured workman to secure compensation is a proceeding within the meaning of GC. Section 26.

2. The amendment of a statute does not effect a pending proceeding.

Attorneys—Geo. Hanson, for the Industrial Commission; R. A. Baskin, for Kenemy.

---

No. 532

GILMAN MOTOR TRUCKING CO. v. FEDERAL INS. CO.

Ohio Appeals, Eighth District, Cuyahoga County
No. 4386. Decided May 7, 1923

This opinion has not been published except in Abstract

NEGLIGENCE—Liability for accident caused by latent defect.

SULLIVAN J.

Epitomized Opinion

In going up a steep hill, the drive chain of a truck owned by the Gilman Company broke and the truck immediately descended, colliding with a truck of the Brandt Company. The Federal Insurance Company as insurer of the Brandt Company paid the latter for the damages and secured an assignment of the Brandt Company's claim against the Gilman Trucking Company. The evidence disclosed that the breaking of the drive chain was due to a structural and latent defect. The jury returned a verdict for plaintiff and judgment was rendered thereon. The Trucking Company prosecuted error on the ground that there was no proof of negligence on its part. The Court of Appeals in reversing the judgment held:

1. There was no proof of negligence, as the accident was due to a latent defect.

2. The occurring of an accident does not establish prima facie evidence of negligence, nor is the doctrine of res ipso loquitur applicable to a case of this kind.

Attorneys—Dustin, McKeehan, Merrick, Arter and Stewart, for plaintiff in error; Davis, Young and Vrooman, for defendant in error.

---

No. 533

ROBINSON v. BUNTS

Ohio Appeals, Eighth District, Cuyahoga County
No. 4439. Decided June 18, 1923

This opinion has not been published except in Abst

NEGLIGENCE—When error to direct verdict for negligent operation.

Middleton, Mauck and Sayre, JJ., Fourth Dis., sitting

MAUCK, J.:

Epitomized Opinion

Plaintiff sued defendant, a surgeon, for leaving gauze in a wound when he operated upon her. The Common Pleas Court directed a verdict for defendant. The defendant and his assistants treated her for six months after the operation. Thereafter, gauze was found in the wound by another physician. Plaintiff contended that defendant was negligent (1) in failing to remove the gauze at the time of the operation and (2) in failing to remove it at any time after the operation. In reversing the judgment of the lower court the Court of Appeals held:

1. It was error for the trial court to direct a verdict for the defendant when the evidence disclosed that gauze was found in the wound after the operation and treatment by defendant and assistants, even though the evidence does not show at what time the gauze was left in the wound. There was a scin of evidence to go to the jury.

Attorneys—Boyd, Cannon Brooks and Wickham, and Dustin, McKeehan, Merrick, Arter and Stewart, for Bunts; Waterworth and Waterworth, for Robinson.