GEORGE PARKER, an Infant over the Age of Fourteen Years, by BARTLE GORMAN, His Guardian ad Litem, Plaintiff, *v.* CHARLES P. HELFERT, Defendant.

Supreme Court, Oneida County, February 6, 1931.

*Walter C. Rabenstein [Bartle Gorman* of counsel], for the plaintiff.

*Bray & Ryan [Frank Ryan* of counsel], for the defendant.

DOWLING, J. On and prior to June 9, 1930, the defendant was the owner of an automobile, which he permitted his son William to operate when he desired. On the evening of June 8, 1930, with-

out the knowledge of the defendant, William took the car and invited the plaintiff, another young man and three young ladies to ride to Remsen, N. Y., to visit an aunt of one of the young women. The party left the aunt's home about one A. M., June ninth. On the return trip to Utica they experienced difficulty in the operation of the car in that the gasoline did not flow properly. They were obliged to pour gasoline into the vacuum tank and, when the supply in the tank was exhausted, to repeat the operation. They stopped at a garage to have the difficulty adjusted, but without avail. They then continued on their journey, experiencing some difficulty with the lights. They finally ran out of gasoline when the car had reached a point a short distance from the summit of Deerfield hill, where they stopped and pulled the car to the side of the road to wait for daylight. The road was damp and the shoulders soft from rain which had fallen during the night. Deerfield hill is very steep, about four miles long and said road winds down the same. While the car was parked upon the side of the road, the plaintiff stood guard a short distance to the north of the same so as to protect the car and its occupants from travelers from that direction. At the break of day they pushed the car over the summit of the hill, jumped in and the defendant's son, who was driving, released the clutch and the car began to coast down the hill. Plaintiff, tired from his long vigil, settled down in the back seat and fell asleep. About half way down the hill the road turns to the right at almost right angles. As the car approached this turn it was running about thirty-five miles an hour. Without reducing the speed of the car the driver attempted to make the turn, and, as he did so, the rear of the car spun round to the left. The car overturned and plaintiff received the injuries complained of herein. The driver did not apply, or attempt to apply, the brakes before the accident.

The complaint charges that the driver of the car was negligent in the manner in which he operated the same and that the car was equipped with defective brakes at the time of the accident, and that the defendant was negligent in permitting the car to be operated while in such a condition. There was no allegation of any defect in the steering apparatus of the car. Defendant interposed an answer denying the material allegations of the complaint.

Upon the trial the plaintiff offered no evidence that the braking mechanism of the car was, in fact, defective, or that any defect in the brakes was a proximate cause of the accident, nor did the plaintiff establish that the defendant knew that the car was being used by his son on the occasion in question.

Plaintiff swore the witness Kessler, who was riding on the front seat with the driver. Kessler testified that " he just saw him turn

it and as we just started to make the turn he said ' I can't turn the wheel back.' He tried to turn the wheel to the left again." This happened before the car began to spin. This testimony was first re ceived and then, over the objection and exception of the plaintiff was stricken out on the ground that there was no allegation in the complaint as to any defect in the steering apparatus of the car.

Plaintiff sought to show that four or five days following the accident the defendant stated to the witness Kessler that he knew the brakes were defective. Objection was interposed by the defendant and sustained. The plaintiff took an exception. The case went to the jury, which returned a verdict in favor of the defendant for no cause for action.

The plaintiff now moves to set aside the verdict and for a new trial upon the pertinent grounds contained in section 549 of the Civil Practice Act and upon the aforesaid exceptions.

The person accepting an invitation to ride takes the car as he finds it and no duty of inspection rests upon the owner and operator.

An owner of an automobile which is in a dangerous and defective condition would be liable to an invitee or licensee only if he knew of the dangerous condition; realized that it involved an unreasonable risk; believed that the invitee or licensee would not discover the condition or realize the risk, and failed to warn him of the condition and the risk involved. (*Flaherty* v. *Helfont*, 123 Me. 134; 122 Atl. 180, 182; *Tannahill* v. *Depositors' Oil & Gas Co.*, 110 Kans. 254; 203 Pac. 909, 912; *Foster* v. *Farra*, 243 id. 778, 781; 42 C. J. § 599, p. 897; *Patnode* v. *Foote*, 153 App. Div. 494, 496; *Donovan* v. *Garvas*, 121 Misc. 24; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382, 388, 391; *Higgins* v. *Mason*, 255 id. 104; Vehicle & Traffic Law, § 15, as amd. by Laws of 1930, chap. 576.)

Defendant contends that in the state of the record the evidence as to the inability of the driver to move the steering wheel was properly stricken out as not being within the issues framed by the pleadings, and that the evidence as to the condition of the brakes was properly excluded for the reason that there was no proof that the brakes were, in fact, defective, or, if defective, that such defect was a proximate cause of the accident. Defendant's objection did not include lack of foundation. The proposed evidence was objected to as being incompetent, immaterial and irrelevant. At the time this evidence was being offered the court's attention was momentarily diverted in giving some instructions relative to the impaneling of a jury; the objection was sustained, the court supposing that plaintiff was asking to relate a conversation between the witness and the driver of the car, and it was not until after the rendition of the verdict that the court understood to the contrary.

The argument as to lack of foundation only goes to the order of proof. The evidence should have been received subject to being properly connected later.

Plaintiff offered no evidence to the effect that a defective condition of the brakes was a provoking cause of the accident.

The real cause of the accident was the speed at which the driver attempted to negotiate the said curve. He never reduced, or attempted to reduce, the speed of the car before reaching the curve. Whether the brakes were or were not defective was not disclosed by any application or attempted application thereof. The witness Kessler merely said he saw the driver's foot moving towards the brake pedal. The car was traveling so fast that, when the driver attempted to make the right-angle turn, the rear of it slewed around and the car overturned. The evidence was perfectly clear that there was negligence in the operation of the car which was a proximate cause of the accident.

The serious question in the case was the contributory negligence of the plaintiff. It is quite apparent that the jury found the driver of the car negligent and plaintiff guilty of contributory negligence. Plaintiff was familiar with the road and was aware that the driver intended to coast down the hill. He did not protest. With a knowledge of these facts and, without taking a single precaution for his own protection, plaintiff went to sleep, relying upon the ability of the driver to bring the car safely to the bottom of the hill. The jury properly found that this was a contributorily negligent thing to do. (*Joyce* v. *Brockett*, 205 App. Div. 770, 773.)

The evidence offered to show knowledge upon the part of the defendant as to the defective condition of the brakes was improperly excluded, but in view of the fact that no attempt was made to apply the brakes at the time of the accident, the error was harmless. The evidence as to the steering wheel was properly stricken out as not within the pleadings and on the further ground that it was not made to appear that the cause of the driver's inability to turn the steering wheel was due to a defect in the braking mechanism.

Motion to set aside the verdict is denied.

Ordered accordingly.