## WHITE v. PINNEY et al.

No. 6218.   Decided December 23, 1940.   (108 P. 2d 249.)

*Woodrow D. White,* of Salt Lake City, for appellant.
*Gardner & Latimer,* of Salt Lake City, for respondents.

LARSON, Justice.

Appeal from a judgment entered on a verdict "No cause of Action," in the District Court of Salt Lake County. Appellant, hereinafter called plaintiff, brought suit against respondents, hereinafter called defendants, for damages alleged to have been suffered when one wheel of a dolly or hand truck, owned by respondents, came off and struck appellant on the leg. Briefly the facts are: Defendant Pinney was a wholesaler in beer, and defendant Neslen was his truck driver making deliveries to the retailers. At the time of the accident a light truck operated by plaintiff was parked parallel to the curb and headed south on the west

side of Highland Drive, a street running generally north and south in the Sugarhouse District of Salt Lake City. Plaintiff stood behind the truck, taking out flowers for delivery to a florist across the street. Defendant's stake body truck was traveling north on the east side of the street, loaded with beer, barrels, and cases. On a rack made for the purpose, under the left-hand side of the truck body, just back of the cab, was a hand truck or dolly used in unloading and moving the barrels of beer. As this truck passed plaintiff's truck one wheel of the dolly came off, crossed the street and struck plaintiff. This action followed. Tried to a jury a verdict "No cause of action" was returned.

The gist of all the assignments of error may be stated in three questions. First: Was plaintiff entitled to an instruction that defendants were negligent as a matter of law? Second: Did the court err in submitting to the jury the question of contributory negligence of the plaintiff? Third: Was Instruction No. 13 so erroneous as to require reversal of the judgment? We consider them in order.

First: Plaintiff contends that this case comes within the doctrine of res ipsa loquitur and plaintiff was therefore entitled to an instruction that defendants were guilty of negligence as a matter of law, and the only matters to be submitted to the jury were (a) the amount of plaintiff's damage, and (b) the contributory negligence of plaintiff if such question was properly in issue. On this point plaintiff's contention is untenable. This court is committed to the view that the doctrine of res ipsa loquitur does not give rise to a legal presumption of negligence but justifies the fact finder to infer negligence. *Zoccolillo* v. *Oregon S. L. R. Co.*, 53 Utah 39, 177 P. 201, *Williamson* v. *Salt Lake & O. Ry. Co.*, 52 Utah 84, 172 P. 680, L. R. A. 1918 F, 588; *Angerman Co.* v. *Edgemon*, 76 Utah 394, 290 P. 169, 79 A. L. R. 40. It holds that when a thing which causes injury is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course

of things does not occur if the one having such control uses proper care the happening of the accident is evidence sufficient to justify or sustain an inference that defendant did not exercise due and proper care. If results from the fact that the happening is such that it would not be likely to occur if some one were not negligent. The effect of the maxim is evidentiary. Where it applies, negligence, which is the ultimate fact to be established, may be inferred from a particular occurrence or accident. *Sweeney* v. *Erving*, 228 U. S. 233, 240, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; *Angerman Co.* v. *Edgemon*, supra. The doctrine therefore makes the question of negligence one of fact. It does not raise a presumption in plaintiff's favor but merely entitles the fact finder to infer and find negligence. In certain cases if no explanation of the accident is offered, the situation may forceably impel a finding of negligence. An explanation may be so complete and thorough as to bar any reasonable inference of negligence. We will refer to this phase later in connection with the consideration of the third question.

Second: The court gave to the jury a number of instructions relative to contributory negligence. The instructions were probably correct statements of law but were not proper in this cause. There was no evidence of contributory negligence, no evidence from which the jury could find or infer such negligence. One purpose of instructions is to confine the deliberations of the jury to the issues raised by the evidence. They should not contain mere abstract propositions of law but should state the law applicable to the issues, facts and circumstances of the particular case on trial. Instructions on matters not within the issues or the evidence may lead the jury to believe that there is evidence in the record upon such issues and that such issue must be determined by them. *Mehr* v. *Child,* 90 Utah 348, 61 P. 2d 624; *Everts* v. *Worrell,* 58 Utah 238, 197 P. 1043; *Hillyard* v. *Bair,* 47 Utah 561, 155

P. 449; *In re Calkins,* 112 Cal. 296, 305, 44 P. 577. The court erred in giving such instructions.

Third: Does Instruction No. 13 contain error requiring a reversal? To understand this instruction it must be read in connection with Instruction No. 12 so we set them out in haec verba.

### Instruction No. 12.

"You are instructed that the driver of a motor vehicle upon a public highway is not required to maintain such vehicle in perfect mechanical condition but only has the duty to keep such vehicle in that mechanical condition which would be maintained by a reasonable, prudent operator of a motor vehicle under the same or similar circumstances. If a mechanical defect exists in a motor vehicle being operated on a public highway *which is not known to the operator of said vehicle and which could not be discovered by reasonable and prudent inspection* of said vehicle, then such operator is not liable for any injuries to other persons resulting from such operation. In other words, a mechanical defect in a motor vehicle being so operated places no liability upon the operator thereof *unless such defect is either known or should have been known from a reasonable, prudent inspection.*

"Consequently, if you find under the facts and circumstances in this case that *there was any mechanical defect existing in the truck* being operated by the defendants at the *time of this accident and such defect was not known to the defendants* or *could not have been discovered by a reasonable, prudent inspection of said vehicle,* then the defendants are not liable and your verdict must be for the defendants, no cause of action." (Italics added.)

### Instruction No. 13.

"On the other hand I instruct you that *if you believe* from a preponderance of all the evidence in the case *that the wheel of the hand truck or 'dolly' was* at the time and place alleged by plaintiffs, *thrown,* projected or catapulted in some manner *against the plaintiff by reason of some defect in defendant's equipment and if the defendants have* failed to satisfy your minds that they *did not know of such defect in their equipment,* responsible for the 'dolly' wheel being thus thrown, if you find it was so thrown; *or have failed to satisfy your minds that the defect,* if any, *was of such a nature that it could not have been discovered by them by a reasonable, prudent inspection,* then your verdict should be in favor of the plaintiff.

"*That is to say, if you find the plaintiff was standing at the rear of his truck* and that the truck was parked parallel to and near the

west curb of Highland Drive and facing south, *and the wheel in question was thrown from the truck of defendants and struck plaintiff* as defendant's truck passed plaintiff on the east side of Highland Drive going north, and if you further find plaintiff was not negligent in being where he was and doing what he was doing, or such negligence of plaintiff, if any, did not proximately contribute to his injuries, if any, *you must return a verdict in favor of plaintiff, unless you believe that the defect in defendants' equipment*, if you find the wheel was thrown against plaintiff because of a defect in the *equipment, was unknown to defendants, or could not have been discovered by them upon a reasonable prudent inspection, in which event, if you believe either of these two alternatives* you should find in favor of the defendants and against the plaintiff, no cause of action." (Italics added.)

We have italicized in these instructions all phrases pertinent to the essence of this question. If now the italicized parts are read, thus eliminating the excess verbiage, the content, purpose, and effect of the instructions seems clear. Instruction No. 12 is clear that liability for defects in a motor vehicle exists only (a) when the defect was ██ known or (b) when it could have been discovered upon reasonable inspection. It further made clear that if there was a defect in defendants' equipment they could not escape liability unless the jury found not only that the defect was unknown but that it could not have been discovered by a reasonable prudent inspection. Instruction No. 13 further emphasizes this rule. The jury were told that if they believed that the wheel of the hand truck or "dolly" was thrown against the plaintiff by reason of some defect in defendants' equipment, then the defendants must satisfy the minds of the jury not only that they did not know of such defects in their equipment but that the defect was of such a nature that it could not have been discovered by a reasonable prudent inspection, and if defendants failed to so satisfy their minds "then your verdict should be in favor of the plaintiff." This brings us to the middle of instruction No. 13. So far we think the instruction, while not to be commended as a model, is not subject to a claim that it is misleading. To this point the instruction is written from the

angle of emphasizing that the burden of evidence is on defendants, as to whether they are liable. The remaining part tells the jury they must return a verdict for plaintiff unless they believe the defect was unknown *or* could not have been discovered upon a reasonable prudent inspection, and then follows the interloping clause, "if you believe **either of** these alternatives" the verdict should be against plaintiff. That the clause last quoted has no place in the instruction and is wrong in its substance cannot be doubted. The instruction should have required *both* instead of *either* of the conditions. Instructions should be read and examined in the light of the issue and the evidence. In view of the whole setup, the issues and the evidence, in view of the other instructions and rules of liability laid down by them, and in view of the fact the court was trying to indicate the things defendants must prove to escape liability rather than what plaintiff must show to establish it, we feel that the error does not *require* a reversal of the judgment.

We have indicated two errors in the instructions, neither of which is of such magnitude or consequence as to *require* a reversal of the judgment. And in a sound discretion we think the judgment should not be disturbed because of such errors.

There are no conflicts, no contradictions, no disputes in the evidence. Plaintiff merely showed that the wheel of a "dolly" on defendant's truck came off as the truck passed plaintiff, and that it struck plaintiff on the leg. He then showed his damage and rested, relying wholly on the doctrine of res ipsa loquitur. Defendants then assumed the burden. They showed by positive and definite testimony that the dolly was fastened on the truck in a proper and secure way; that the wheels on the dolly were held in place by cotter pins; that they had no knowledge of any defect in the dolly or the way the wheel was fastened on; that the hand truck or dolly had been regularly lubricated and inspected once or twice every week; that it had been used that day shortly before the accident and was in good condition and

had nothing wrong with it; that when the dolly was put back on the truck when last used, shortly before the accident, it worked all right and seemed to be in good condition; that there was nothing to be seen about it to indicate it was not in good condtion. Plaintiff offered no other or further evidence, and neither contradicted nor disputed defendants' evidence, and does not now contend it was not true and correct. No effort was made to show the dolly was not in proper condtion, or that defendants had not made proper, reasonable, and prudent inspections, and no claim to that effect is made or urged. In view of this record can we say that had the two errors in the instructions above mentioned not been made the jury could reasonably have found for the plaintiff? Or, to put it another way, have defendants successfully overcome the inference of negligence which could have been drawn at the close of plaintiff's evidence so as to render a verdict for defendants the only reasonable one? We see no escape from an answer in favor of defendants.

Defendants would not be liable for accident resulting from a defect in the mechanism of their truck and equipment of which they had no knowledge, *and* which ■ would not be revealed by reasonable and prudent inspection. We quote from 3 Huddy: Cyclopedia of Automobile Law, 9th Ed., Section 71:

"Generally speaking, it is the duty of one operating a motor vehicle on the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to its occupants or to other travelers.

"To this end, the owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine, and is chargeable with notice of everything that such inspection would disclose. This rule applies whether the operator is the owner of the vehicle or rents it from another, or permits another to use it, or lets it to another for hire. But, in the absence of anything to show that the appliances were defective, the owner or driver is not required to inspect them before using the car or permitting it to be used."

The great weight of authority holds that there is no liability on the part of the owner where an outsider has been injured by a defective mechanism which was unknown to the owner and which would not have been disclosed by a reasonable inspection. *Phillips* v. *Pickwick Stages,* 85 Cal. App. 571, 259 P. 968. In *Bolin* v. *Corliss Company,* 262 Mass. 115, 159 N. E. 612, 613, it is said:

"Assuming that the defendant would be liable in permitting Casper to use a defective automobile when it knew of the defect or, as a reasonably prudent person, could have discovered it, the plaintiff did not show that the defendant possessed such knowledge or that the defect, if it then existed, might reasonably have been discovered. * * * In the absence of anything to show that the appliances were defective, the defendant was not required as a reasonable person to remove the rim and connections and inspect them."

The owner or operator of a motor vehicle must exercise reasonable care in the inspection of the machine, but in the absence of anything to show the appliances were defective the owner or driver is not required to inspect them each day before using or permitting them to be used. *Lonergan* v. *Am. Ry. Exp.,* 250 Mass. 30, 144 N. E. 756; *Saunders System Birmingham Co.* v. *Adams,* 217 Ala. 621, 117 So. 72, 61 A. L. R. 1333; *Carroll* v. *Yonkers,* 193 App. Div. 655, 184 N. Y. S. 847; *Petersen* v. *Seattle Auto Co.,* 149 Wash. 648, 271 P. 1001; *Tannahill* v. *Depositors' Oil & Gas Co.,* 110 Kan. 254, 203 P. 909; *Bolin* v. *Corliss Co.,* supra; *Rath* v. *Bankston,* 101 Cal. App. 274, 281 P. 1081; *Lutz's Adm'r* v. *W. J. Hughes & Son,* 232 Ky. 675, 24 S. W. 2d 578. If the operator or person in charge of such vehicle has done all that would be expected of an ordinary prudent person, and a failure of his equipment occurs, not reasonably foreseen, he is not guilty of negligence. *Ivins* v. *Jacobs,* D. C., 245 F. 892; *Gilman Motor* v. *Federal Insurance,* 1 Ohio Law Abs. 518; 1 Thompson on Negligence, p. 81; 3 Huddy Automobile Law Section 71; *Westlund* v. *Iverson,* 154 Minn. 52, 191 N. W. 253, a case in which a wheel came off the car; *Flores* v. *Sullivan,* Tex.

Civ. App. 112 S. W. 2d 321, a case in which the spare wheel came off; *Cherry Lake Farm* v. *Taylor*, 5 Cir., 98 F. 2d 571.

Of course what constitutes "reasonable care" or the care that would be exercised by a person of ordinary prudence may vary with the nature of the instrumentality employed, that is, the care must be proportionate to the probability of injury that may arise to others. For example, in cases where wires carry a dangerous current of electricity or where explosives are handled, and the result of negligence might be death or serious accidents, a greater care is required because of the danger inherent in the instrumentality. With such things an act may well be negligence which would not be such with instrumentalities of less potential danger to others. Where the danger is great the care exercised must be commensurate with it. The degree of care required in law is proportionate to the dangers that reasonable men would apprehend under the circumstances. Failure to exercise such degree of care is negligence, and negligence is the gravamen of the action. Defendants being lawfully on the street the burden was cast upon them to use such skill and care in the use of the street and in the cars, equipment, and loads they haul over the streets as is commensurate with the dangers that reasonable and prudent men would apprehend or expect to flow to the public from such use and instrumentalities, and no further. When plaintiff had made out a prima facie case, such that negligence is imputed to the defendant, the latter may rebut the imputation by showing that he exercised all the care commensurate with the dangers to be apprehended which careful and prudent men would have exercised under the circumstances. If he does this he has discharged his full duty to the public and is not liable: *Hutchinson* v. *Boston Gas Light Co.,* 122 Mass. 219, 222; *American Brewing Ass'n* v. *Talbot,* 141 Mo. 674, 42 S. W. 679, 64 Am. St. Rep. 538; *Suburban Electric* v. *Nugent,* 58 N. J. L. 658, 34 A. 1069, 32 L. R. A. 700.

In cases where the doctrine of res ipsa loquitur applies the inference of negligence supplies the want of proof of negli-

gence, and the defendant is under the duty of rebutting this inference of negligence rather than evidence of negligence; but the case is always one of negligence and the burden of proof is on the plaintiff. The question still is: Was the defendant negligent? This inference, sometimes ▮▮▮ called a presumption, of negligence arises in cases only where the accident occurs under such circumstances as indicate that it could ordinarily have happened only through some negligence of the defendant, and are inconsistent with any other theory. The rule simply authorizes an inference of negligence on the part of the defendant in lieu of evidentiary proof of negligence, on the basis that if care had been used by defendant the accident would not have happened. And as the facts lie more within the knowledge of defendant than of plaintiff, the burden of the evidence, of going forward (not the burden of proof), is shifted to the defendant to show that he was not guilty of negligence. In bearing this burden the defendant need not show that he used every precaution, care or skill to prevent the happening of the accident. It is sufficient if he shows that he used the degree of care commensurate with the dangers which men of prudence would have anticipated under the circumstances. In the instant case defendants made a showing sufficient to present a question of fact for the jury. The cause was submitted to the jury under proper instructions governing the determination of defendants' negligence. The verdict reflects that defendants' showing was satisfactory. The jury having found the issue of negligence in favor of defendants, the judgment should be and is affirmed. Costs to respondents.

MOFFAT, C. J., and WOLFE and McDONOUGH, JJ., concur.

PRATT, J., concurs in the result.