STEVENS-SALT LAKE CITY, Inc. v WONG et al.

No. 7920.   Decided August 7, 1953.   (259 P. 2d 586.)

310

See 65 C. J. S., Negligence, sec. 252. Res ipsa loquitur doctrine as an inference. 20 Am. Jur., Evidence, sec. 218; 167 A. L. R. 658.

*White, Wright & Arnovitz,* Salt Lake City, for appellant.

*Don J. Hanson,* Salt Lake City, for respondents.

WADE, Justice.

Appeal from a jury verdict and judgment thereon of no cause of action in a suit to recover damages caused by a leaking water pipe.

The facts are simple. Stevens-Salt Lake City, Inc., appellant herein, occupied the first floor of a building at South Main Street, in Salt Lake City, Utah, as a ladies

apparel shop; and the China Tea Garden, respondents herein, occupied the second floor of this building as a restaurant. In 1938, respondents caused to be installed the water pipe which in September, 1950 sprung a leak, causing water to seep through the ceiling damaging some of appellant's merchandise. A couple of weeks later, in October, as a result of the seepage of the water in September, large portions of plaster fell from the ceiling causing extensive damage to the merchandise and fixtures and necessitating the closing of the business for a week.

One of the respondents testified that the pipe which had sprung the leak was enclosed behind a wainscoting in respondents' premises and although he personally knew nothing about pipes, it was installed by a plumber who was paid on the basis of putting in new pipe. In order to inspect this pipe it would be necessary to tear away the wainscoting. When the water was discovered seeping through appellant's ceiling it was immediately shut off. An inspection was thereupon made of their own premises without removing the wainscoting but no water was found there, whereupon the wainscoting was torn away and a small leak was discovered in the pipe.

Although appellant did not request a directed verdict, it now argues that the verdict of the jury was not justified because respondents submitted no evidence to negative the inference of their negligence and also that under the facts of this case they were liable under the theory of "strict liability" for all damages proximately caused by the leaking pipe.

On the question of negligence of the respondents herein, the court, at the request of appellant, instructed the jury on the doctrine of res ipsa loquitur, as follows:

"You are instructed that the plaintiff proved an injury which in the ordinary course of things does not happen, if the person having control of the water under pressure in pipes and plumbing fixtures in the upper story of a building uses proper care and therefore there

is a presumption of negligence on the part of such person, and that it speaks for itself that the defendants have been negligent. You are further instructed that the defendants may overcome this presumption of negligence if they offer an explanation as to how the water came to escape without their fault or why it was permitted to flow for such a length of time and in such volume as to find its way down the ceiling and upon the goods in plaintiff's store."

but refused to give appellant's requested instructions numbers 3 and 4, which would have told the jury that the defendants were negligent as a matter of law because the only evidence they produced was that they did nothing to prevent the damage such as removing the wainscoting to inspect the pipe and that the defendants were liable for the damages sustained by plaintiff unless

"the defendants offered evidence to prove that the injury happened because of the neglect of some other person or persons who were not in the control of the defendants, or by the act of some person for whose conduct they were not liable  *  *  *."

It is appellant's contention that by refusing to give these instructions the court failed to invoke the theory of "strict liability" and might have misled the jury into believing that some third persons, not respondents, were responsible.

Appellant admits that this court is committed to the principle that the doctrine of res ipsa loquitur merely allows the fact finder to infer negligence from the happening of the event and in the absence of explanation might compel a finding of negligence. *White* v. *Pinney*, 99 Utah 484, 108 P.2d 249; *Curby* v. *Bennett Glass & Paint Co.*, 99 Utah 80, 103 P.2d 657; and *Angerman Co., Inc.* v. *Edgemon*, 76 Utah 394, 290 P. 169, 79 A.L.R. 40. Since, in spite of the fact that the court instructed the jury on the doctrine of res ipsa loquitur the jury found for defendants, appellant argues that under the facts of this case the inference of negligence was so strong that the jury was compelled to find defendants negligent and since no explanation absolving defendants was given, the verdict of the jury was against the law.

We cannot agree with this contention. The doctrine of res ipsa loquitur merely allows an inference of negligence from the happening of the accident. The happening of the accident and the surrounding circumstances may, as in any other case, so conclusively show negligence that a contrary finding would be unreasonable in which case the court should direct a finding on that issue, not because of the doctrine of res ipsa loquitur but because under the evidence any other finding would be unreasonable. If the doctrine of res ipsa loquitur compelled a finding of negligence from the happening of the event in the absence of explanation it would be a presumption and not merely a permissible inference from which the fact finder could find negligence. While under the facts of this case the jury well might have found in favor of appellant, it was not compelled to find that respondents were negligent. Respondents hired a plumber to install the pipe. They paid on a basis of new pipe. In the twelve years after the pipe had been put in and before the accident involved herein occurred, there was no evidence that anything happened to apprise respondents that the pipe which had been installed by the plumber was not in good condition. It is a matter of common knowledge that good or new pipe will probably last the life of the building, that ordinarily water pipes are concealed in buildings and are not easily inspected, nor is there ordinarily a need for inspection until there is evidence that something has gone amiss. Respondents' first inkling that anything was amiss was when they were informed that water had leaked into appellant's ceiling. An inspection of their own premises showed nothing. They immediately had the water shut off and it was only after the wainscoting was removed and a thorough inspection of the pipe was made that a small leak was discovered. Respondents, as ordinary prudent men, had no reason to suspect before the occurrence of the accident that their water pipe was not in good condition and would be likely to cause injury to someone. This being so, the jury was not compelled to find respondents guilty of negligence.

From what we have said above it follows that the court did not err in refusing to instruct the jury that defendants were guilty of negligence as a matter of law because the only evidence produced was that they did nothing to prevent the injury, such as inspecting the pipes. Nor did the court err in refusing to instruct the jury that defendants were liable unless they had produced evidence that the damages were due to the negligence of some third persons not under the control of defendants. Even if this court in a proper case were to adhere to the principle of "strict liability" the facts in this case do not warrant such an application. By having water pipes installed, respondents could not reasonably foresee that such an act might cause injury to others. As stated in the case of *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 270 P. 952, 60 A.L.R. 475, cited by appellant, the doctrine of "strict liability" should be applied:

"Where one, in the conduct and maintenance of an enterprise lawful and proper in itself, deliberately does an act under known conditions, and, with knowledge that injury may result to another, proceeds, and injury is done to the other as the direct and proximate consequence of the act, however carefully done, the one who does the act and causes the injury should in all fairness, be required to compensate the other for the damage done * * *."

That case involved the drilling of an oil well near a residence and the drillers knew or should have known that no matter how careful they were in their operations that damage might ensue from the very nature of the matter they were dealing with. The experience of mankind has not taught this to be true of water in pipes. Respondents therefore had no reason to know that by installing the pipe injury might result to others.

Affirmed. Costs to respondents.

McDONOUGH, CROCKETT and HENRIOD, J.J., concur.

WOLFE, Chief Justice (concurring).

I concur. While it is true that, as pointed out by the appellant, we have stated in several prior cases that the inference of negligence which the doctrine of res ipsa loquitur permits the fact finder to make might, in the absence of an explanation by the defendant, *compel* a finding of negligence, I think that it would be a rare case where the inference would be that strong. The burden of persuasion being upon the plaintiff and negligence not being proved by direct evidence but by circumstantial evidence, it is difficult for me to visualize a situation in which the fact finder would be *compelled* to find for the plaintiff even though the defendant did not offer an explanation. The circumstantial evidence of negligence might be highly persuasive and impelling, but I question that in any case the fact finder would be *compelled* to find negligence.

I agree with the majority opinion that the instruction given by the court which told the jury that the defendants were presumed to have been negligent was a more favorable instruction than they were entitled to under the law of this State.