[No. 17-40054-1. Division One. October 8, 1969.]
Panel 2

THELMA V. CHRISTIANSEN, *Appellant,* v. HELEN CAREY RODIN, *Respondent.*

*Levinson & Friedman* and *Ronald J. Bland,* for appellant.

*Leo A. Anderson,* for respondent.

UTTER, J.—Thelma Christiansen and Helen Rodin were walking together along the driveway of Helen Rodin's home. Helen Rodin unaccountably lost her balance and, while falling, reached out instinctively for support. This act knocked Thelma Christiansen into a rockery, causing injuries. A lawsuit resulted in a jury verdict for Helen Rodin.

Thelma Christiansen appeals and the sole issue presented is whether she was entitled to a directed verdict of liability. This issue is narrowed by Thelma Christiansen's concession in oral argument that the instinctive gesture of Helen

Rodin when falling is not the basis for the claim of negligence. The parties will hereinafter be referred to as plaintiff and defendant.

There is no testimony establishing the cause of the fall. No debris, loose stones or slick spots were at the scene of the fall. Defendant gave no explanation of why she fell.

A mere fall does not give rise to an inference of contributory negligence sufficient to go to the jury. *Hughey v. Winthrop Motor Co.*, 61 Wn.2d 227, 377 P.2d 640 (1963). By a parity of reasoning a mere fall does not give rise to an inference of negligence sufficient to go to the jury.

Plaintiff suggests that a "species of the doctrine of res ipsa loquitur" furnishes an applicable analogy. The analogy is inapt. Before the inference of negligence may be drawn in a res ipsa loquitur case the circumstances must be such that it can be said it is an event which ordinarily does not occur unless someone is negligent. *Douglas v. Bussabarger*, 73 Wn.2d 476, 484, 438 P.2d 829 (1968). *Dickerson v. St. Peter's Hosp.*, 72 Wn.2d 196, 432 P.2d 293 (1967), relied on by plaintiff, is distinguishable. The court there held, as a matter of law, that under the evidence negligence had been established. *Stevens-Salt Lake City, Inc. v. Wong*, 123 Utah 309, 259 P.2d 586 (1953). In the case at bar there are no facts from which an inference of negligence can be drawn.

The judgment is affirmed.

HOROWITZ, A. C. J., and STAFFORD, J., concur.