**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY A. LIZOTTE, a single person, | No. 09-35332 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01868-RSL |
| v. | |
| PRAXAIR INC., a Washington corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted March 8, 2010[**]
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Larry A. Lizotte appeals (1) the district court's entry of summary judgment

for Praxair, Inc., (2) the district court's grant of Praxair's motion to strike an expert

report, (3) the district court's denial of his motion for extension of the discovery

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

deadline, and (4) the district court's denial of his request for a continuance under Federal Rule of Civil Procedure 56(f). We review *de novo* a district court's order granting summary judgment, *Avista Corp., Inc. v. Wolfe*, 549 F.3d 1239, 1246 (9th Cir. 2008), and for an abuse of discretion its orders denying an extension of the discovery deadline, *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007), denying a continuance under Rule 56(f), *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920 (9th Cir. 1996), and granting a motion to strike in the context of summary judgment, *Ballen v. City of Redmond*, 466 F.3d 736, 745 (9th Cir. 2006). We affirm.

1. The district court did not abuse its discretion in denying Lizotte's untimely motion for an extension of the discovery deadline as Lizotte failed diligently to pursue discovery. *See Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986). Additionally, a party seeking a Rule 56(f) continuance to conduct further discovery must "make clear what information is sought and how it would preclude summary judgment." *Garrett v. City & County of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Here, Lizotte fails to identify facts, either discovered or likely to be discovered, that would support his claims, or explain how the discovery sought would have defeated summary judgment. Moreover, the district

court permitted the parties to take the depositions of individuals, including James Woodbridge, the President of Pacific CA Systems, Inc., after the close of discovery, as long as they had been properly noticed before the close of discovery. The district court therefore did not abuse its discretion in denying Lizotte's Rule 56(f) request for a continuance. *See Margolis v. Ryan*, 140 F.3d 850, 853-54 (9th Cir. 1998).

2.	We do not need to decide whether the district court abused its discretion in granting Praxair's motion to strike a Report of Findings concerning the cause of the accident that was prepared for non-party St. Paul Travelers Insurance Co. by the Rimkus Consulting Group, Inc. "[W]e must affirm the district court unless its evidentiary ruling was manifestly erroneous *and* prejudicial." *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (emphasis in original). The Report posits a cause for the accident other than the failure of the rusty weld and states that the failure of the weld was a result of rather than a cause of the accident. Thus, the Report does not support Lizotte's positions on the issues dispositive on summary judgment, that is, whether the rust on the fractured weld, or the length of the weld, caused the accident or made it foreseeable. The Report's exclusion was therefore harmless.

3.     The district court properly granted summary judgment to Praxair because Lizotte failed to raise a genuine issue of material fact regarding whether Praxair breached its duty of reasonable care or whether any breach proximately caused the accident. *See Braithwaite v. West Valley City Corp.*, 921 P.2d 997, 999 (Utah 1996). Lizotte presented no expert evidence regarding the cause of the accident or the standard of care in the industry regarding inspection for defective welds. *See White v. Pinney*, 108 P.2d 249, 253 (Utah 1940)*; Wycalis v. Guardian Title of Utah*, 780 P.2d 821, 826 & n.8 (Utah App. 1989). Consequently, even if the presence of rust on the fractured weld supported a reasonable inference that the weld was also rusty when Amko Services, Inc., and Praxair inspected the trailer after it had been refurbished, there is no evidence to suggest that the rust on the weld caused the accident or that the weld should have been replaced. Lizotte's conclusory and speculative assertions to the contrary cannot defeat summary judgment. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Moreover, Lizotte himself was the last representative of Praxair to inspect the trailer for defects, and he did not indicate that he noticed any problem with the welds.

Lizotte's contention that the doctrine of *res ipsa loquitur* applies here is unavailing, as "the real question at issue is whether the inspections and other

actions performed by [Praxair] were such that they constituted a breach of [Praxair's] duty of care, and the res ipsa loquitur doctrine has no application to such a question." *Matheson v. Marbec Inv., LLC*, 173 P.3d 199, 204 (Utah App. 2007). We decline to consider Lizotte's strict products liability claim, as he did not raise it before the district court. *See Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1068 (9th Cir. 2008).

**AFFIRMED.**